COPY

DAVID R. ONGARO, SBN 154698
dongaro@obllaw.com
AMELIA D. WINCHSETER, SBN 257928
awinchester@obllaw.com
ONGARO BURTT & LOUDERBACK LLP
650 California Street, Fifth Floor
San Francisco, CA 94108
Telephone: (415) 433-3900
Facsimile: (415) 433-3950

Attorneys for Defendants
CLP RESOURCES, INC. and
FIRST SOLAR, INC.

FILED
CLERK, U.S. DISTRICT COURT
SEP 19 2012
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

JERIN SHERMAN and MATT WATSON, individually,

Plaintiffs,

v.

CLP RESOURCES, INC., FIRST SOLAR, INC., AND DOES 1-20,

Defendants.

Case No. CV12-8080 GW (PLAx)

**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b)**

**(Los Angeles Superior Court Case No. BC483549)**

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant CLP RESOURCES, INC. (hereafter "CLP Resources" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. § 1332, 28 U.S.C. Section 1441(b)(3), and 28 U.S.C. Section 1446, which was originally commenced in the Superior Court of the State of California in and for the County of Los Angeles.

**SUMMARY OF ACTION**

1. This removal involves an action that was filed in the Superior Court of the State of California for the County of Los Angeles, entitled *Sherman, et al. v. CLP Resources Inc., et al,* Case No. BC483549. Pursuant to 28 U.S.C. section 1446(a), a true and correct copy of the Complaint filed in this action is attached hereto as Exhibit A. A true and correct copy of the First Amended Complaint, and proofs of service, filed in this Action are attached hereto as Exhibit B. A true and correct copy of the Answer to the Complaint filed by Defendants CLP Resources, Inc. and First Solar, Inc. ("Defendants") in the Los Angeles County Superior Court is attached hereto as Exhibit C. A true and correct copy of the Answer to the First Amended Complaint filed by Defendants in the Los Angeles County Superior Court is attached hereto as Exhibit D. A true and correct copy of the filings and remaining pleadings that have been served on Defendant in this matter is attached hereto as Exhibit E.

2. With its removal papers, Defendant submits a civil case cover sheet, and a Notice of Interested parties pursuant to Local Rules 3-1, and 7.1-1.

**TIMELINESS OF REMOVAL**

3. Plaintiffs served Defendant with a copy of their First Amended Complaint by U.S. Mail, with a proof of service dated August 20, 2012. This Notice of Removal is timely filed within thirty (30) days of the date the First Amended Complaint was served upon Defendant, which is when it was first ascertained that the case was one which had become removable. *See* 29 U.S.C. §1446(b)(3). Defendants timely filed their Answer to the Plaintiffs' First Amended Complaint in Los Angeles County Superior Court on September 14, 2012.

**DIVERSE CITIZENSHIP OF THE PARTIES**

4. Plaintiff's Citizenship. Defendant has a good faith belief that Plaintiffs are, and at all times were, residents of and domiciled in Los Angeles County, California. *See* First Amended Complaint ("FAC") ¶¶2-3. Plaintiff worked for

Defendant in Los Angeles County. *See id. at* ¶¶2-3. To establish citizenship for diversity purposes, a natural born person must be both: (a) a citizen of the United States, and (b) a domiciliary of one particular state. *Kantar v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994).

5. Defendants' Citizenship. Pursuant to 28 U.S.C. § 1446(c), "a corporation shall be deemed to be a citizen of any State in which it has been incorporated, and of the State where it has its principal place of business." At all times relevant to this action, Defendant CLP Resources, Inc. has been a wholly owned subsidiary of TrueBlue, Inc., and a corporation incorporated under the laws of Delaware, and with its principal place of business in Reno, Nevada. Declaration of Garrett Ferencz in Support of Defendant's Notice of Removal ¶ 2. At all times relevant to this action, Defendant First Solar, Inc. has been a corporation incorporated under the laws of Delaware, with its principal place of business in Tempe, Arizona. Neither of the Defendants is a citizen of California. Defendant First Solar, Inc. has consented to and joins in the removal of this action. *See* Declaration of Amelia D. Winchester in Support of Defendants' Notice of Removal ¶ 2.

6. Doe Defendants. Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 20, inclusive, does not deprive this Court of jurisdiction.

**AMOUNT IN CONTROVERSY**

7. While Defendant denies any liability as to Plaintiffs' claims, the amount in controversy requirement is satisfied because the amount in controversy

exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996). Here, the damages requested by Plaintiffs exceed $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

8. Plaintiffs allege that they are entitled to unpaid overtime pursuant to section 1194(a) of the California Labor Code (FAC ¶32), that they are entitled to damages pursuant to California Labor Code section 226(e) (FAC ¶36), that they are entitled to damages for violations of California Labor Code section 1174 (FAC ¶¶ 38, and Prayer for Relief, ¶3), an additional hour of pay at the regular rate of compensation for each workday that proper rest periods were not provided pursuant to Labor Code section 226.7 and California Code of Regulations section 11160 (FAC ¶ 43), payment of overtime compensation pursuant to 29 U.S.C. § 216(b) (FAC ¶ 47), thirty days of continuing wages pursuant to California Labor Code section 203 (FAC ¶ 50), and indemnification of reimbursement of expenditures pursuant to section 2802 of the California Labor Code (FAC ¶ 55).

9. Plaintiffs further allege, for the first time as part of their First Amended Complaint, that they are entitled to Civil Penalties under the Private Attorneys General Act. In particular, as part of their Eighth Cause of Action, Plaintiffs seek Labor Code section 210 civil penalties for each violation of Labor Code section 204, Labor Code section 226.3 penalties for each violation of Labor Code section 226(a), Labor Code section 558 penalties for violations of Labor Code sections 510 and 512, Labor Code section 1197.1 penalties for violations of Labor Code section 1194, and California Labor Code section 2699(f) penalties for the violations of the California Labor Code sections for which a specific civil penalty is not provided, or for California Labor Code sections 2802, 1174 and 226.7.

*PAGA Actions Are Brought on Behalf of Other "Aggrieved Employees"*

10. "[T]he PAGA statute does not enable a single aggrieved employee to litigate his or her claims, but requires an aggrieved employee 'on behalf of herself or himself *and* other current or former employees' to enforce violations of the Labor Code by their employers." *Urbino v. Orkin Services of California, Inc.*, No. 2:11-cv-06456 (PJWx), 2011 WL 4595249 at * 6 (C.D. Cal. Oct. 5, 2011). "The statute therefore contemplates a common group action with civil penalties being awarded to the entire group." *Id.* Accordingly, "the amount in controversy in a PAGA claim is predicated on the total amount of civil penalties sought by the aggrieved employees." *Id.* at *9 (finding that claims of aggrieved employees may be aggregated for purposes of removal). Pursuant to Labor Code section 2699, an "aggrieved employee" "means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."

11. In their Eighth Cause of Action, Plaintiffs assert a PAGA claim. Therefore, their claim must be brought on behalf of other current or former employees. *See* FAC, ¶¶ 56-60.

12. The Statute of Limitations on a claim for penalties under PAGA is one year. Cal. Civ. Code §340; *Amaral v. Cintas Corp.*, 163 Cal.App.4th 1157, 1199 (2008). Plaintiffs filed their complaint on April 26, 2012. CLP workers did not work at the AVSRI First Solar jobsite prior April 26, 2011. *See e.g.,* Declaration of Abhi Putta in Support of Notice of Removal ("Putta Decl.)at ¶¶ 2-3 (noting when CLP workers began working at jobsite).

13. From May 27, 2011, when the jobsite opened, to September 14, 2012, Defendant employed 270 workers at the First Solar, Inc. AVSRI jobsite where Plaintiffs worked. *See* Putta Decl. at ¶ 2. From May 27, 2011 to September 14, 2012, Defendant issued a total of 5305 paychecks to CLP workers at the First Solar, Inc. AVSRI jobsite where Plaintiffs worked. *Id.* at ¶ 3.

14. Although Plaintiffs seek PAGA penalties under a number of California Labor Code sections, given the number of aggrieved employees and paychecks at issue, Plaintiffs' allegation of just one PAGA penalty provision satisfies the jurisdictional prerequisites for removal. For example, in their Eighth Cause of Action, Plaintiffs seek penalties under Labor Code section 558 for violations of Labor Code section 510. Labor Code section 510 provides in part "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Labor Code section 558 provides that:

> [a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (3) Wages recovered pursuant to this section shall be paid to the affected employee.

Plaintiffs allege that their "work shifts are from 7:00 a.m. to 3:30 p.m. Monday through Friday every week. Plaintiffs are only paid for their scheduled work shifts, notwithstanding Defendants' requirement that Plaintiffs report for duty before 7:00 a.m. and Plaintiffs do not stop working until after 3:30 p.m." FAC ¶ 7. Therefore, because Plaintiffs allege that they were required to work before and after their eight-hour shifts, it follows that at least one overtime violation occurred during each day of their employment. If even one overtime violation occurred for

each employee during each pay period, then even discounting the underpaid wage amount, the following penalties apply: 270 workers x $50 per worker (for the first alleged pay period violation) = $ 13,500. In addition, for each subsequent violation, there would be 5035 paychecks issued for each remaining pay period (or 5305 total paychecks – 270 paychecks for the first violation) x $100 = $ 503,500. The total amount of penalties would be: $13,500 (first alleged violation pay period penalties) + $ 503,500 (subsequent penalties) = $517,000.

15. Plaintiffs also seek attorneys' fees in their Complaint. It is well-settled that in determining the amount in controversy, the Court should consider the aggregate value of the claims as well as attorneys' fees. *See e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Goldberg v. CPC International, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount). The "measure of [attorneys'] fees should be the amount that can reasonably be anticipated at the time of removal, not those merely incurred." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034-35 (N.D. Cal. 2002).

7. Using Defendants' conservative methodology explained above, the total amount in controversy for Plaintiffs' claims for a portion of the PAGA penalties and attorneys' fees, calculated solely for the purposes of illustration, clearly exceeds the jurisdictional prerequisite of this Court.

8. Since diversity of citizenship exists between the Plaintiffs and Defendants and the matter in controversy between the parties is in excess of Seventy-Five Thousand Dollars ($75,000), this Court has original jurisdiction of the action pursuant to 28 U.S.C. Section 1332(a)(1). This action is therefore a proper one for removal to this Court.

## VENUE

7. Venue lies in the Central District California, Western Division, pursuant to 28 U.S.C. Sections 1441, 1446(a), and 84(c). This action was originally brought in the Superior Court of the State of California, County of Los Angeles.

## NOTICE TO PLAINTIFF

8. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiff's counsel of record: Alan Harris and Abigail Treanor. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for Los Angeles Superior Court.

WHEREFORE, Defendant hereby removes the civil action against it in the Superior Court of the State of California, County of Los Angeles, to this Honorable District Court.

DATED: September 19, 2012

ONGARO BURTT & LOUDERBACK LLP

By: David R. Ongaro / APW
David R. Ongaro
Attorneys for Defendants CLP RESOURCES, INC. and FIRST SOLAR, INC.

# EXHIBIT A

Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
atreanor@harrisandruble.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

JERIN SHERMAN and MATT WATSON, individually,

Plaintiffs,

v.

CLP RESOURCES, INC., FIRST SOLAR, INC., and DOES 1 to 20,

Defendants.

Case No.

**COMPLAINT**

1. Failure to Pay Overtime, Cal. Lab. Code §§ 1194 and 1198 and IWC Wage Order 16
2. Failure to Provide Accurate Itemized Wage Statements, Cal. Lab. Code § 226
3. Failure to Maintain Accurate Payroll Records, Cal. Lab. Code § 1174 and IWC Wage Order 16
4. Failure to Provide Rest Breaks, Cal. Lab. Code § 226.7
5. Failure to Pay Minimum Wage and Overtime Compensation, Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

**DEMAND FOR JURY TRIAL**

Plaintiffs Jerin Sherman and Matt Watson, by and through their undersigned attorneys, allege as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking overtime, damages, and attorneys' fees and costs. Venue is proper in this judicial district, pursuant to California Code of Civil Procedure sections 395(a) and 395.5. Defendants maintain an office, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process. The unlawful acts alleged herein had a direct effect on and were committed within the County of Los Angeles, State of California.

**PARTIES**

2. Plaintiff Jerin Sherman ("Sherman") is an individual who, during the time periods relevant to this Complaint, was employed by Defendants CLP Resources, Inc. and First Solar, Inc. in the County of Los Angeles, State of California.

3. Plaintiff Matt Watson ("Watson") is an individual who, during the time periods relevant to this Complaint, was employed by Defendants CLP Resources, Inc. and First Solar, Inc. in the County of Los Angeles, State of California. (Sherman and Watson shall be collectively referred to as "Plaintiffs.")

4. CLP Resources, Inc. ("CLP") is a skilled trades-staffing company providing skilled trades-people to a broad range of contractors. CLP is incorporated in Delaware and has its headquarters in Reno, Nevada. CLP is authorized to do and does business in the County of Los Angeles, State of California.

5. First Solar, Inc. ("FSI") designs, builds, and operates utility-scale solar power plants. FSI is incorporated in Delaware and has its headquarters in Tempe, Arizona. FSI is authorized to do and does business in the County of Los Angeles, State of California. (CLP and FSI shall collectively be referred to as "Defendants.")

6. The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 to 20 inclusive, are unknown to Plaintiffs at this time,

who therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believes and thereupon alleges that each defendant designated herein as a Doe is responsible, negligently, intentionally, contractually, or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs as is hereinafter alleged, either through said defendants' own wrongful conduct or through the conduct of their agents, servants, employees, representatives, officers or attorneys, or in some other manner.

## GENERAL ALLEGATIONS

7. Defendants have employed Plaintiffs as skilled laborers from 2011 to the present. Plaintiffs are current employees of Defendants. In this capacity, Plaintiffs perform functions related to the construction of a solar power plant in the County of Los Angeles. Plaintiffs' work shifts are from 7:00 a.m. to 3:30 p.m. Monday through Friday every week. Plaintiffs are only paid for their scheduled work shifts, notwithstanding Defendants' requirement that Plaintiffs report for duty before 7:00 a.m. and Plaintiffs do not stop working until after 3:30 p.m.

8. At all times relevant hereto California Labor Code sections 1194 and 1198 and Industrial Welfare Commission ("IWC") Wage Order 16 required the payment of overtime for hours worked over eight in a workday.

9. At all relevant times mentioned herein, California Labor Code section 1194 provided, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194(a).

10. At all relevant times mentioned herein, section 1198 of the California Labor Code provided:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Cal. Lab. Code § 1198. Section 1198 refers to "conditions of labor prohibited by the order [of the IWC]" and therefore incorporates by reference IWC Wage Order Number 16. To date, Plaintiffs have not been paid for all of the hours they worked for Defendants. By failing to pay Plaintiffs for all of their hours of work, CLP violated section 1198 by employing Plaintiff "under conditions of labor prohibited by the order." Cal. Lab. Code § 1198.

11. IWC Wage Order 16 provides, in relevant part:

> (A) Every employer shall pay to each employee wages of not less than seven dollars and fifty cents ($7.50) per hour for all hours worked, effective January 1, 2007, and not less than eight dollars ($8.00) per hour for all hours worked, effective January 1, 2008.
>
> (B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commissioner, or otherwise.

8 Cal. Code Regs. § 11160(4).

12. At all relevant times mentioned herein, section 204 of the California Labor Code provided, in relevant part:

> All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during

> each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

13. Similarly, at all times relevant hereto, the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. require the payment of at least minimum wage and overtime for hours worked over forty in a workweek. See 29 U.S.C. §§ 206 and 207.

14. Plaintiffs were prevented from taking proper rest breaks as required by law.

15. At all times relevant hereto, section 226.7 of the California Labor Code provided:

> (a) No employer shall require any employee to work during any . . . rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a . . . rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7.

16. IWC Wage Order 16 provides, in relevant part:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Nothing in this provision shall prevent an employer from staggering rest periods to avoid interruption in the flow of work and to

> maintain continuous operations, or from scheduling rest periods to coincide with breaks in the flow of work that occur in the course of the workday. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time for every four (4) hours worked, or major fraction thereof. Rest periods shall take place at employer designated areas, which may include or be limited to the employees' immediate work area.
>
> . . .
>
> (D) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

8 Cal. Code Regs. § 11160(11).

17. CLP violated section 226.7 of the California Labor Code and IWC Wage Order 16 by failing to compensate Plaintiffs for their hours worked on authorized rest periods. Accordingly, Plaintiffs are entitled to an additional hour of pay for each workday Plaintiffs were not properly provided their rest periods. See Cal. Lab. Code § 226.7(b); 8 Cal. Code Regs. § 11160(11).

18. Compensation for missed rest periods constitutes wages within the meaning of section 200 *et seq*. of the California Labor Code.

19. To date, Defendants have failed to compensate Plaintiffs for all of their earned wages in accordance with the California Labor Code, IWC Wage Order 16, and/or the FLSA.

20. At all relevant times mentioned herein, section 226 of the California Labor Code provided:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when

wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an

aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.

21. Throughout the period of Plaintiffs' employment with CLP, CLP failed to provide them with all of the data required by section 226(a) of the California Labor Code. For example, **Exhibit 1** consists of a sample of Sherman's wage statements and **Exhibit 2** consists of a sample of Watson's wage statements. The wage statements fail, *inter alia*, to state the name and address of the legal entity that is the employer. Cal. Lab. Code § 226(a)(8).

22. At all relevant times mentioned herein, section 1174 of the California Labor Code provided:

Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

Cal. Lab. Code § 1174(d ).

23. IWC Wage Order 16 provides, in relevant part:

(A) Every employer who has control over wages, hours, or working conditions shall keep accurate information with respect to each employee, including the following:

(1) The employee's full name, home address, occupation, and social security number. The employee's date of birth, if under 18 years of age, and designation as a minor. Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total

daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(2) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(3) Total hours worked during the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request. When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(B) Every employer who has control over wages, hours, or working conditions shall semimonthly or at the time of each payment of wages furnish each employee an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item. (See Labor Code Section 226.) This information shall be furnished either separately or as a detachable part of the check, draft, or voucher paying the employee's wages.

8 Cal. Code Regs. §11160(6)(A)–(B).

24. Defendant failed to maintain payroll records required by the California Labor Code and IWC Wage Order 16. For example, Defendant failed to record the "[t]ime records . . . when the employee begins and ends each work period." 8 Cal. Code Regs. §11160(6)(A)(1).

////

**FIRST CAUSE OF ACTION**

(Cal. Lab. Code §§ 1194, 1194.2 and 1198 and IWC Wage Order 16, Failure to Pay Overtime)

(On Behalf of Plaintiffs Against CLP)

25. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

26. Defendant CLP, by failing to pay Plaintiffs for the time they worked before 7:00 a.m. and after 3:30 p.m., has violated sections 1194 and 1198 of the California Labor Code and IWC Wage Order 16.

27. Plaintiffs are, accordingly, entitled to recovery of the unpaid balance of the full amount of their unpaid overtime, including interest thereon, reasonable attorneys' fees and costs of suit, in accordance with section 1194(a) of the California Labor Code.

28. Plaintiffs are also entitled to liquidated damages in accordance with section 1194.2 of the California Labor Code.

**SECOND CAUSE OF ACTION**

(Cal. Lab. Code § 226, Failure to Provide Accurate Information on Wage Statements)

(On Behalf of Plaintiffs Against Defendant CLP)

29. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

30. Defendant CLP employed Plaintiffs but failed to provide them with the data required by section 226(a) of the California Labor Code. For example, Defendant CLP failed to provide the name and address of the legal employer. See Cal. Lab. Code § 226(a)(8). Defendants actions were intentional and caused injury to Plaintiffs insofar as Plaintiffs were deprived of data to which they were legally entitled.

31. Accordingly, Plaintiffs are entitled to damages and costs and attorney's fees, demand for which is hereby made in accord with the provisions of California Labor Code section 226(e).

/////

**THIRD CAUSE OF ACTION**

(Failure to Maintain Accurate Payroll Time Records, Labor Code section 1174, IWC Wage Order No. 16)

(On Behalf of Plaintiffs Against Defendant CLP)

32. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

33. Defendant CLP has violated California Labor Code section 1174 and IWC Wage Order No. 16 by willfully failing to keep required payroll records showing the actual hours and/or the begin and end time worked each day by Plaintiffs. Indeed, the IWC Wage Order requires that the employer maintain "[t]ime records showing when the employee begins and ends each work period." 8 Cal. Code Regs. § 11160(6)(A)(1). Defendant CLP failed to properly maintain such records.

34. As a direct and proximate result of Defendant CLP's failure to maintain payroll records, Plaintiffs suffered actual economic harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking all accrued pay.

35. Plaintiffs request relief as described below.

**FOURTH CAUSE OF ACTION**

(Failure to Provide Proper Rest Periods, California Labor Code section 226.7 and IWC Wage Order 16)

(On Behalf of Plaintiffs Against Defendant CLP)

36. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

37. At all times herein relevant, section 226.7 of the California Labor Code and 8 California Code of Regulations section 11160 provided that employees must receive rest periods of ten minutes for each four hours of work. 8 Cal. Code Regs. 11160(11)(A).

38. Because Defendant CLP failed to properly provide the required rest periods, it is liable to Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code section 226.7 and California Code of Regulations section 11160,

for the period of time from the four years prior to the filing of the Complaint to date. Plaintiffs request relief as described below.

**FIFTH CAUSE OF ACTION**

(Failure to Pay Minimum Wage and/or Overtime Compensation, Fair Labor Standards Act, 29 U.S.C. § 216(b))

(On Behalf of Plaintiffs Against Defendants CLP and FSI)

39. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

40. Defendants CLP and FSI intentionally and improperly failed to pay Plaintiff overtime compensation to which they are entitled. The FLSA, 29 U.S.C. § 207 provides, in relevant part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

41. During their employment with Defendants CLP and FSI, Plaintiffs were not paid for all of their time worked.

42. Accordingly, Plaintiffs request payment of overtime compensation according to proof, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1. That, with respect to the First Cause of Action, this Court enter judgment in favor of Plaintiffs for payment of their unpaid overtime, interest thereon, liquidated

damages, reasonable attorneys' fees and costs of suit, according to proof, in accordance with sections 1194(a) and 1194.2 of the California Labor Code, against Defendant CLP.

2. That, with respect to the Second Cause of Action, this Court enter judgment in favor of Plaintiffs for an injunction requiring compliance with the law, damages, reasonable attorney's fees, and costs of suit, each according to proof, in accordance with section 226(e) of the California Labor Code, against Defendant CLP.

3. That, with respect to the Third Cause of Action, Plaintiffs be awarded judgment, damages, interest, and costs, according to proof.

4. That, with respect to the Fourth Cause of Action, Plaintiffs be awarded an additional hour of pay for each workday for which a rest period was not properly taken, reasonable attorneys' fees, and costs of suit, each according to proof, pursuant to California Labor Code section 226.7, against Defendant CLP.

5. That, with respect to the Fifth Cause of Action, Plaintiffs be awarded their unpaid overtime compensation, liquidated damages, and attorneys' fees and costs, according to proof, pursuant to 29 U.S.C. § 216(b), against Defendants CLP and FSI.

6. For such further relief as the Court may order.

Plaintiff demands a trial by jury as to all counts.

DATED: April 26, 2012

HARRIS & RUBLE

Alan Harris
*Attorney for Plaintiff*

Payroll Print

CLP SKILLED TRADES SOLUTIONS

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9790639**

Employee: JERIN SHERMAN SSNum: XXX-XX[redacted] Net Pay: 1,053.68

Check Date: 02/27/12 End Date: 02/26/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 32.00 | | 42.33 | 1354.56 | | | | | | 1,354.56 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,354.56 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,354.56 | Gross | 13397.45 | | |
| FWH | 142.34 | FICA | 756.94 | | |
| FICA | 76.53 | FWT | 1591.41 | LIFE | 617.50 |
| SWH | 68.46 | SDI | 136.42 | | |
| SDI | 13.55 | SWT | 737.08 | | |
| Total Deductions | 300.88 | | | | |
| Net Pay | 1,053.68 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2220325
Pay Period: 8
Printed By: PJ2

Office: 052
Check Date: 02/27/12
Print Date: 02/27/12 15:40
Pay Week: 02/26/12

Company: 090
End Date: 02/26/12
Printer: tipsy

**Transaction Change Log**

No changes made to transaction

Print Date and Time 02/27/12 3:40:06 PM

EX-1-1

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9791977**

Employee: JERIN SHERMAN SSNum: XXX-XX Net Pay: 1,250.51

Check Date: 03/05/12 End Date: 03/04/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 42.33 | 1693.20 | | | | | | 1,693.20 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,693.20 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,693.20 | Gross | 15090.65 | | |
| FWH | 227.00 | FICA | 852.60 | | |
| FICA | 95.66 | FWT | 1818.41 | LIFE | 657.50 |
| SWH | 103.10 | SDI | 153.35 | | |
| SDI | 16.93 | SWT | 840.18 | | |
| Total Deductions | 442.69 | | | | |
| Net Pay | 1,250.51 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank | Office: 052 | Company: 090

Transaction Id: 2222473 | Check Date: 03/05/12 | End Date: 03/04/12

Pay Period: 9 | Print Date: 03/05/12 11:17 | Printer: tp6

Printed By: MD14 | Pay Week: 03/04/12

**Transaction Change Log**

No changes made to transaction

Ex. 1-2

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9794370**

Employee: JERIN SHERMAN SSNum: XXX-XX-[redacted] Net Pay: 1,016.80

Check Date: 03/12/12 End Date: 03/11/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 30.50 | | 42.33 | 1291.07 | | | | | | 1,291.07 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,291.07 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,291.07 | Gross | 16381.72 | | |
| FWH | 126.47 | FICA | 925.54 | | |
| FICA | 72.94 | FWT | 1944.88 | LIFE | 688.00 |
| SWH | 61.96 | SDI | 166.26 | | |
| SDI | 12.91 | SWT | 902.14 | | |
| Total Deductions | 274.27 | | | | |
| Net Pay | 1,016.80 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2226151
Pay Period: 10
Printed By: MD14

Office: 052
Check Date: 03/12/12
Print Date: 03/12/12 14:20
Pay Week: 03/11/12

Company: 090
End Date: 03/11/12
Printer: Local

**Transaction Change Log**

No changes made to transaction

Ex. 1-3

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9796906**

Employee: JERIN SHERMAN　SSNum: XXX-XX[redacted]　Net Pay: 1,250.51

Check Date: 03/19/12　End Date: 03/18/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 42.33 | 1693.20 | | | | | | 1,693.20 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,693.20 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,693.20 | Gross | 18074.92 | | |
| FWH | 227.00 | FICA | 1021.20 | | |
| FICA | 95.66 | FWT | 2171.88 | LIFE | 728.00 |
| SWH | 103.10 | SDI | 183.19 | | |
| SDI | 16.93 | SWT | 1005.24 | | |
| Total Deductions | 442.69 | | | | |
| Net Pay | 1,250.51 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank　Office: 052　Company: 090

Transaction Id: 2229893　Check Date: 03/19/12　End Date: 03/18/12

Pay Period: 11　Print Date: 03/19/12 16:57　Printer: tipsy

Printed By: DV3　Pay Week: 03/18/12

**Transaction Change Log**

No changes made to transaction

Ex. 1-4

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9798522**

Employee: JERIN SHERMAN　SSNum: XXX-XX　Net Pay: 1,250.51

Check Date: 03/26/12　End Date: 03/25/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 42.33 | 1693.20 | | | | | | 1,693.20 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,693.20 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,693.20 | Gross | 19768.12 | | |
| FWH | 227.00 | FICA | 1116.86 | | |
| FICA | 95.66 | FWT | 2398.88 | LIFE | 768.00 |
| SWH | 103.10 | SDI | 200.12 | | |
| SDI | 16.93 | SWT | 1108.34 | | |
| Total Deductions | 442.69 | | | | |
| Net Pay | 1,250.51 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank　Office: 052　Company: 090

Transaction Id: 2232617　Check Date: 03/26/12　End Date: 03/25/12

Pay Period: 12　Print Date: 03/26/12 12:49　Printer: tp6

Printed By: MD14　Pay Week: 03/25/12

**Transaction Change Log**

No changes made to transaction

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9787666**

Employee: MATT WATSON | SSNum: XXX-XX-[redacted] | Net Pay: 1,727.12
Check Date: 02/20/12 | End Date: 02/19/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 37.00 | | 59.46 | 2200.02 | | | | | | 2,200.02 |
| | | | | | | | | | |
| | | | | | | | | Total: | 2,200.02 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 2,200.02 | Gross | 17243.40 | | |
| FWH | 180.29 | FICA | 947.36 | | |
| FICA | 124.30 | FWT | 1338.84 | LIFE | 651.00 |
| SWH | 146.31 | SDI | 171.48 | | |
| SDI | 22.00 | SWT | 1081.40 | | |
| Total Deductions | 472.90 | | | | |
| Net Pay | 1,727.12 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank | Office: 052 | Company: 090
Transaction Id: 2215725 | Check Date: 02/20/12 | End Date: 02/19/12
Pay Period: 7 | Print Date: 02/20/12 09:58 | Printer: tipsy
Printed By: MD14 | Pay Week: 02/19/12

**Transaction Change Log**

No changes made to transaction

Ex. 2-1

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9790369**

Employee: MATT WATSON  SSNum: XXX-XX-[redacted]  Net Pay: 1,835.41
Check Date: 02/27/12  End Date: 02/26/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 59.46 | 2378.40 | | | | | | 2,378.40 |
| | | | | | | | | | |
| | | | | | | | | Total: | 2,378.40 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 2,378.40 | Gross | 19621.80 | | |
| FWH | 220.27 | FICA | 1081.74 | | |
| FICA | 134.38 | FWT | 1559.11 | LIFE | 691.00 |
| SWH | 164.56 | SDI | 195.26 | | |
| SDI | 23.78 | SWT | 1245.96 | | |
| Total Deductions | 542.99 | | | | |
| Net Pay | 1,835.41 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank  Office: 052  Company: 090
Transaction Id: 2219981  Check Date: 02/27/12  End Date: 02/26/12
Pay Period: 8  Print Date: 02/27/12 14:07  Printer: tipsy
Printed By: MD14  Pay Week: 02/26/12

**Transaction Change Log**

No changes made to transaction

Ex. 2-2

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9791812**

Employee: MATT WATSON
Check Date: 03/05/12

SSNum: XXX-XX[redacted]
End Date: 03/04/12

Net Pay: 1,783.56

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 38.50 | | 59.46 | 2289.21 | | | | | | 2,289.21 |
| | | | | | | | | | |
| | | | | | | | | Total: | 2,289.21 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 2,289.21 | Gross | 21911.01 | | |
| FWH | 197.98 | FICA | 1211.08 | | |
| FICA | 129.34 | FWT | 1757.09 | LIFE | 729.50 |
| SWH | 155.44 | SDI | 218.15 | | |
| SDI | 22.89 | SWT | 1401.40 | | |
| Total Deductions | 505.65 | | | | |
| Net Pay | 1,783.56 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2222257
Pay Period: 9
Printed By: MD14

Office: 052
Check Date: 03/05/12
Print Date: 03/05/12 10:38
Pay Week: 03/04/12

Company: 090
End Date: 03/04/12
Printer: tp6

**Transaction Change Log**

No changes made to transaction

EX. 2-3

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9794273**

Employee: MATT WATSON | SSNum: XXX-XX | Net Pay: 1,783.56

Check Date: 03/12/12 | End Date: 03/11/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 38.50 | | 59.46 | 2289.21 | | | | | | 2,289.21 |
| | | | | | | | | | |
| | | | | | | | | Total: | 2,289.21 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 2,289.21 | Gross | 24200.22 | | |
| FWH | 197.98 | FICA | 1340.42 | | |
| FICA | 129.34 | FWT | 1955.07 | LIFE | 768.00 |
| SWH | 155.44 | SDI | 241.04 | | |
| SDI | 22.89 | SWT | 1556.84 | | |
| Total Deductions | 505.65 | | | | |
| Net Pay | 1,783.56 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2225994
Pay Period: 10
Printed By: MD14

Office: 052
Check Date: 03/12/12
Print Date: 03/12/12 13:37
Pay Week: 03/11/12

Company: 090
End Date: 03/11/12
Printer: Local

**Transaction Change Log**

No changes made to transaction

Ex. 2-4

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9796875**

Employee: MATT WATSON SSNum: XXX-XX-[redacted] Net Pay: 1,381.87
Check Date: 03/19/12 End Date: 03/18/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 42.33 | 1693.20 | | | | | | 1,693.20 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,693.20 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,693.20 | Gross | 25893.42 | | |
| FWH | 104.27 | FICA | 1436.08 | | |
| FICA | 95.66 | FWT | 2059.34 | LIFE | 808.00 |
| SWH | 94.47 | SDI | 257.97 | | |
| SDI | 16.93 | SWT | 1651.31 | | |
| Total Deductions | 311.33 | | | | |
| Net Pay | 1,381.87 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2229850
Pay Period: 11
Printed By: MD14

Office: 052
Check Date: 03/19/12
Print Date: 03/19/12 16:31
Pay Week: 03/18/12

Company: 090
End Date: 03/18/12
Printer: tp6

**Transaction Change Log**

No changes made to transaction

Print Date and Time 03/19/12 4:31:43 PM EX. 2-5 Page 1 of 1

# EXHIBIT B

Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
atreanor@harrisandruble.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

JERIN SHERMAN and MATT WATSON, individually,

Plaintiffs,

v.

CLP RESOURCES, INC., FIRST SOLAR, INC., and DOES 1 to 20,

Defendants.

Case No.

**FIRST AMENDED COMPLAINT**

1. Failure to Pay Overtime, Cal. Lab. Code §§ 1194 and 1198 and IWC Wage Order 16
2. Failure to Provide Accurate Itemized Wage Statements, Cal. Lab. Code § 226
3. Failure to Maintain Accurate Payroll Records, Cal. Lab. Code § 1174 and IWC Wage Order 16
4. Failure to Provide Rest Breaks, Cal. Lab. Code § 226.7
5. Failure to Pay Minimum Wage and Overtime Compensation, Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
6. Continuing Wages, Cal. Lab. Code § 203
7. Failure to Reimburse Expenses, Cal. Lab. Code § 2802
8. Civil Penalties, Cal. Lab. Code § 2698 *et seq.*, Labor Code Private Attorneys General Act

**DEMAND FOR JURY TRIAL**

Plaintiffs Jerin Sherman and Matt Watson, by and through their undersigned attorneys, allege as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking overtime, damages, and attorneys' fees and costs. Venue is proper in this judicial district, pursuant to California Code of Civil Procedure sections 395(a) and 395.5. Defendants maintain an office, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process. The unlawful acts alleged herein had a direct effect on and were committed within the County of Los Angeles, State of California.

## PARTIES

2. Plaintiff Jerin Sherman ("Sherman") is an individual who, during the time periods relevant to this Complaint, was employed by Defendants CLP Resources, Inc. and First Solar, Inc. in the County of Los Angeles, State of California.

3. Plaintiff Matt Watson ("Watson") is an individual who, during the time periods relevant to this Complaint, was employed by Defendants CLP Resources, Inc. and First Solar, Inc. in the County of Los Angeles, State of California. (Sherman and Watson shall be collectively referred to as "Plaintiffs.")

4. CLP Resources, Inc. ("CLP") is a skilled trades-staffing company providing skilled trades-people to a broad range of contractors. CLP is incorporated in Delaware and has its headquarters in Reno, Nevada. CLP is authorized to do and does business in the County of Los Angeles, State of California.

5. First Solar, Inc. ("FSI") designs, builds, and operates utility-scale solar power plants. FSI is incorporated in Delaware and has its headquarters in Tempe, Arizona. FSI is authorized to do and does business in the County of Los Angeles, State of California. (CLP and FSI shall collectively be referred to as "Defendants.")

6. The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 to 20 inclusive, are unknown to Plaintiffs at this time,

who therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believes and thereupon alleges that each defendant designated herein as a Doe is responsible, negligently, intentionally, contractually, or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs as is hereinafter alleged, either through said defendants' own wrongful conduct or through the conduct of their agents, servants, employees, representatives, officers or attorneys, or in some other manner.

## GENERAL ALLEGATIONS

7. Defendants have employed Plaintiffs as skilled laborers from 2011 to the present. Plaintiffs are current employees of Defendants. In this capacity, Plaintiffs perform functions related to the construction of a solar power plant in the County of Los Angeles. Plaintiffs' work shifts are from 7:00 a.m. to 3:30 p.m. Monday through Friday every week. Plaintiffs are only paid for their scheduled work shifts, notwithstanding Defendants' requirement that Plaintiffs report for duty before 7:00 a.m. and Plaintiffs do not stop working until after 3:30 p.m.

8. At all times relevant hereto California Labor Code sections 1194 and 1198 and Industrial Welfare Commission ("IWC") Wage Order 16 required the payment of overtime for hours worked over eight in a workday.

9. At all relevant times mentioned herein, California Labor Code section 1194 provided, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194(a).

10. At all relevant times mentioned herein, section 1198 of the California Labor Code provided:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Cal. Lab. Code § 1198. Section 1198 refers to "conditions of labor prohibited by the order [of the IWC]" and therefore incorporates by reference IWC Wage Order Number 16. To date, Plaintiffs have not been paid for all of the hours they worked for Defendants. By failing to pay Plaintiffs for all of their hours of work, CLP violated section 1198 by employing Plaintiff "under conditions of labor prohibited by the order." Cal. Lab. Code § 1198.

11. IWC Wage Order 16 provides, in relevant part:

> (A) Every employer shall pay to each employee wages of not less than seven dollars and fifty cents ($7.50) per hour for all hours worked, effective January 1, 2007, and not less than eight dollars ($8.00) per hour for all hours worked, effective January 1, 2008.
>
> (B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commissioner, or otherwise.

8 Cal. Code Regs. § 11160(4).

12. At all relevant times mentioned herein, section 204 of the California Labor Code provided, in relevant part:

> All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during

> each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

13. Similarly, at all times relevant hereto, the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* require the payment of at least minimum wage and overtime for hours worked over forty in a workweek. See 29 U.S.C. §§ 206 and 207.

14. Plaintiffs were prevented from taking proper rest breaks as required by law.

15. At all times relevant hereto, section 226.7 of the California Labor Code provided:

> (a) No employer shall require any employee to work during any . . . rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a . . . rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7.

16. IWC Wage Order 16 provides, in relevant part:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Nothing in this provision shall prevent an employer from staggering rest periods to avoid interruption in the flow of work and to

> maintain continuous operations, or from scheduling rest periods to coincide with breaks in the flow of work that occur in the course of the workday. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time for every four (4) hours worked, or major fraction thereof. Rest periods shall take place at employer designated areas, which may include or be limited to the employees' immediate work area.
>
> . . .
>
> (D) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

8 Cal. Code Regs. § 11160(11).

17. CLP violated section 226.7 of the California Labor Code and IWC Wage Order 16 by failing to compensate Plaintiffs for their hours worked on authorized rest periods. Accordingly, Plaintiffs are entitled to an additional hour of pay for each workday Plaintiffs were not properly provided their rest periods. See Cal. Lab. Code § 226.7(b); 8 Cal. Code Regs. § 11160(11).

18. Compensation for missed rest periods constitutes wages within the meaning of section 200 *et seq*. of the California Labor Code.

19. To date, Defendants have failed to compensate Plaintiffs for all of their earned wages in accordance with the California Labor Code, IWC Wage Order 16, and/or the FLSA.

20. At all relevant times mentioned herein, section 226 of the California Labor Code provided:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when

wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an

aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.

21. Throughout the period of Plaintiffs' employment with CLP, CLP failed to provide them with all of the data required by section 226(a) of the California Labor Code. For example, Defendant's wage statements fail, inter alia, to state the name and address of the legal entity that is the employer. Cal. Lab. Code § 226(a)(8). In addition, they fail to inform Plaintiffs with respect to the total hours worked, net and gross wages earned, and all applicable hourly rates.

22. At all relevant times mentioned herein, section 1174 of the California Labor Code provided:

Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

Cal. Lab. Code § 1174(d ).

23. IWC Wage Order 16 provides, in relevant part:

(A) Every employer who has control over wages, hours, or working conditions shall keep accurate information with respect to each employee, including the following:

(1) The employee's full name, home address, occupation, and social security number. The employee's date of birth, if under 18 years of age, and designation as a minor. Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total

daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(2) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(3) Total hours worked during the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request. When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(B) Every employer who has control over wages, hours, or working conditions shall semimonthly or at the time of each payment of wages furnish each employee an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item. (See Labor Code Section 226.) This information shall be furnished either separately or as a detachable part of the check, draft, or voucher paying the employee's wages.

8 Cal. Code Regs. §11160(6)(A)–(B).

24.     Defendant failed to maintain payroll records required by the California Labor Code and IWC Wage Order 16.  For example, Defendant failed to record the "[t]ime records . . . when the employee begins and ends each work period." 8 Cal. Code Regs. §11160(6)(A)(1).

25.     Section 2699 of the California Labor Code, the Labor Code Private Attorneys General Act of 2004, provides in subpart (a) and subparts (f) through (g):

(a) Notwithstanding any other provision of law, any provision of this code

that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

. . . .

(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

. . . .

(g) Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

Cal. Lab. Code § 2699.

26.   At all times relevant herein, section 226.3 of the California Labor Code provided, in relevant part:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($ 250) per employee per violation in an initial citation and one thousand dollars ($ 1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

Cal. Lab. Code § 226.3.

27. At all times relevant herein, section 210 of the California Labor Code provided, in relevant part:

> (a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:
>
> (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
>
> (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210.

28. At all times relevant herein, section 1197.1 of the California Labor Code provided, in relevant part:

> (a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows:

(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

Cal. Lab. Code § 1197.1.

29. Wage Order 16 provides for civil penalties with respect to violations of the Wage Order:

(A) Penalties for Violations of the Provisions of this Order. Any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to civil and criminal penalties as provided by law. In addition, violation of any provision of this order shall be subject to a civil penalty as follows: (1) Initial Violation - $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages. (2) Subsequent Violations - $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages. (3) The affected employee shall receive payment of all wages recovered. The labor commissioner may also issue citations pursuant to California Labor Code Section 1197.1 for non-payment of wages for overtime work in violation of this order.

8 Cal. Code Regs. §11160(18)(A).

/////

**FIRST CAUSE OF ACTION**
(Cal. Lab. Code §§ 1194, 1194.2 and 1198 and IWC Wage Order 16,
Failure to Pay Overtime)
(On Behalf of Plaintiffs Against CLP)

30.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

31.     Defendant CLP, by failing to pay Plaintiffs for the time they worked before 7:00 a.m. and after 3:30 p.m., has violated sections 1194 and 1198 of the California Labor Code and IWC Wage Order 16.

32.     Plaintiffs are, accordingly, entitled to recovery of the unpaid balance of the full amount of their unpaid overtime, including interest thereon, reasonable attorneys' fees and costs of suit, in accordance with section 1194(a) of the California Labor Code.

33.     Plaintiffs are also entitled to liquidated damages in accordance with section 1194.2 of the California Labor Code.

**SECOND CAUSE OF ACTION**
(Cal. Lab. Code § 226, Failure to Provide Accurate Information on Wage Statements)
(On Behalf of Plaintiffs Against Defendant CLP)

34.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

35.     Defendant CLP employed Plaintiffs but failed to provide them with the data required by section 226(a) of the California Labor Code.  For example, Defendant CLP failed to provide the name and address of the legal employer.  See Cal. Lab. Code § 226(a)(8).  Defendants actions were intentional and caused injury to Plaintiffs insofar as Plaintiffs were deprived of data to which they were legally entitled.

36.     Accordingly, Plaintiffs are entitled to damages and costs and attorney's fees, demand for which is hereby made in accord with the provisions of California Labor Code section 226(e).

/////

**THIRD CAUSE OF ACTION**

(Failure to Maintain Accurate Payroll Time Records, Labor Code section 1174, IWC Wage Order No. 16)

(On Behalf of Plaintiffs Against Defendant CLP)

37. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

38. Defendant CLP has violated California Labor Code section 1174 and IWC Wage Order No. 16 by willfully failing to keep required payroll records showing the actual hours and/or the begin and end time worked each day by Plaintiffs. Indeed, the IWC Wage Order requires that the employer maintain "[t]ime records showing when the employee begins and ends each work period." 8 Cal. Code Regs. § 11160(6)(A)(1). Defendant CLP failed to properly maintain such records.

39. As a direct and proximate result of Defendant CLP's failure to maintain payroll records, Plaintiffs suffered actual economic harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking all accrued pay.

40. Plaintiffs request relief as described below.

**FOURTH CAUSE OF ACTION**

(Failure to Provide Proper Rest Periods, California Labor Code section 226.7 and IWC Wage Order 16)

(On Behalf of Plaintiffs Against Defendant CLP)

41. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

42. At all times herein relevant, section 226.7 of the California Labor Code and 8 California Code of Regulations section 11160 provided that employees must receive rest periods of ten minutes for each four hours of work. 8 Cal. Code Regs. 11160(11)(A).

43. Because Defendant CLP failed to properly provide the required rest periods, it is liable to Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code section 226.7 and California Code of Regulations section 11160, for the period of time from the four years prior to the filing of the Complaint to date.

Plaintiffs request relief as described below.

**FIFTH CAUSE OF ACTION**

(Failure to Pay Minimum Wage and/or Overtime Compensation,
Fair Labor Standards Act, 29 U.S.C. § 216(b))
(On Behalf of Plaintiffs Against Defendants CLP and FSI)

44. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

45. Defendants CLP and FSI intentionally and improperly failed to pay Plaintiff overtime compensation to which they are entitled. The FLSA, 29 U.S.C. § 207 provides, in relevant part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

46. During their employment with Defendants CLP and FSI, Plaintiffs were not paid for all of their time worked.

47. Accordingly, Plaintiffs request payment of overtime compensation according to proof, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

**SIXTH CAUSE OF ACTION**

(Cal. Lab. Code § 203—Continuing Wages)
(On Behalf of Plaintiffs Against Defendant CLP)

48. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

49. Plaintiffs were discharged on or about May 25, 2012, but were not provided

all of their wages within the time required by section 201 of the California Labor Code, despite Defendant CLP's knowledge of its obligation to do so. Defendant CLP's actions were "willful" within the meaning of section 203 of the California Labor Code.

50. Plaintiffs are therefore entitled to thirty days of continuing wages pursuant to California Labor Code section 203.

**SEVENTH CAUSE OF ACTION**

(Cal. Lab. Code § 2802— Indemnification and Reimbursement of Expenditures)
(On Behalf of Plaintiffs Against Defendant CLP)

51. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

52. At all relevant times herein, California Labor Code section 2802 provided, in relevant part:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or duties . . . .
>
> (b) All awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.
>
> (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing rights granted by this section.

Cal. Lab. Code § 2802.

53. At all relevant times herein, Wage Order 16 provided, in relevant part:

> (A) When the employer requires uniforms to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term "uniform" includes wearing apparel and accessories of distinctive design or color.

> (B) When the employer requires the use of tools or equipment or they are necessary for the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage may provide and maintain hand tools and equipment customarily required by the particular trade or craft in conformity with Labor Code Section 2802.

8 Cal. Code Regs. §11160(8).

54. In the discharge of their duties, Defendant CLP required Plaintiffs to wear protective gear for which they provided and maintained personally and were not reimbursed for their out-of-pocket expenses.

55. Pursuant to section 2802 of the California Labor Code, Plaintiffs are entitled to reimbursement of their out-of-pocket expenses from Defendant, interest thereon, attorneys' fees and costs, according to proof.

**EIGHTH CAUSE OF ACTION**

(Cal. Lab. Code § 2698 *et seq.*, Civil Penalties Under the Private Attorneys General Act)
(On Behalf of Plaintiffs Against Defendant CLP)

56. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

57. Pursuant to California Labor Code section 2699.3(a)(1), on or about April 26, 2012, Plaintiffs gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants, through its registered agents for service of process, of the specific provisions of the California Labor Code alleged to have been violated by Defendant CLP , including the facts and theories specified in the original complaint filed on April 26, 2012. A copy of the April 26, 2012, letter and certified mail receipts are attached hereto as **Exhibit 3**.

58. At all relevant times herein, California Labor Code section 2699.3(a)(2)(A) provided:

> The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

Cal. Lab. Code § 2699.3(a)(2)(A). On May 21, 2012, the LWDA indicated that it does not intend to investigate Plaintiffs' allegations. Attached hereto as **Exhibit 4** is the May 21, 2012, letter from the LWDA. Accordingly, pursuant to section 2699.3(a)(2)(A), Plaintiffs "may commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).

59. Section 210 of the California Labor Code provides for civil penalties for each violation of section 204. Section 226.3 of the California Labor Code provides for civil penalties for each violation of section 226 (a). Section 558 provides for civil penalties for each violation of sections 510 and 512. Section 1197.1 provides for civil penalties for each violation of section 1194. Section 2699(f) of the California Labor Code provides for civil penalties for violations of the California Labor Code, for which a specific civil penalty is not provided and the applicable Industrial Welfare Commission Wage Order. Section 2699(a) provides that civil penalties may be "recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees." Cal. Lab. Code § 2699(a). Section 2699(g) provides that an employee who prevails in a civil action under section 2699 shall be entitled to an award of reasonable attorneys' fees and costs.

60. The State of California and Plaintiffs are, therefore, entitled to civil penalties, attorneys' fees, and costs according to proof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1. That, with respect to the First Cause of Action, this Court enter judgment in favor of Plaintiffs for payment of their unpaid overtime, interest thereon, liquidated damages, reasonable attorneys' fees and costs of suit, according to proof, in accordance with sections 1194(a) and 1194.2 of the California Labor Code, against Defendant CLP.

2. That, with respect to the Second Cause of Action, this Court enter judgment in favor of Plaintiffs for an injunction requiring compliance with the law, damages, reasonable attorney's fees, and costs of suit, each according to proof, in accordance with section 226(e) of the California Labor Code, against Defendant CLP.

3. That, with respect to the Third Cause of Action, Plaintiffs be awarded judgment, damages, interest, and costs, according to proof.

4. That, with respect to the Fourth Cause of Action, Plaintiffs be awarded an additional hour of pay for each workday for which a rest period was not properly taken, reasonable attorneys' fees, and costs of suit, each according to proof, pursuant to California Labor Code section 226.7, against Defendant CLP.

5. That, with respect to the Fifth Cause of Action, Plaintiffs be awarded their unpaid overtime compensation, liquidated damages, and attorneys' fees and costs, according to proof, pursuant to 29 U.S.C. § 216(b), against Defendants CLP and FSI.

6. That, with respect to the Sixth Cause of Action, Plaintiffs be awarded thirty days continuing wages pursuant to California Labor Code section 203 against Defendant CLP.

7. That, under the Seventh Cause of Action, it be adjudged Plaintiffs be awarded reimbursement of her expenses and interest, and attorneys' fees and costs, according to proof, pursuant to section 2802 of the California Labor Code against Defendant CLP.

8. That, under the Eighth Cause of Action, it be adjudged that the State of California and Plaintiff be awarded civil penalties, attorneys' fees and costs, in an amount

according to proof against Defendant CLP.

9. For such further relief as the Court may order.

Plaintiff demands a trial by jury as to all counts.

DATED: July 2, 2012

HARRIS & RUBLE

Alan Harris
*Attorney for Plaintiff*

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9790639**

Employee: JERIN SHERMAN SSNum: XXX-XX-[redacted] Net Pay: 1,053.68

Check Date: 02/27/12 End Date: 02/26/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 32.00 | | 42.33 | 1354.56 | | | | | | 1,354.56 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,354.56 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,354.56 | Gross | 13397.45 | | |
| FWH | 142.34 | FICA | 756.94 | | |
| FICA | 76.53 | FWT | 1591.41 | LIFE | 617.50 |
| SWH | 68.46 | SDI | 136.42 | | |
| SDI | 13.55 | SWT | 737.08 | | |
| Total Deductions | 300.88 | | | | |
| Net Pay | 1,053.68 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2220325
Pay Period: 8
Printed By: PJ2

Office: 052
Check Date: 02/27/12
Print Date: 02/27/12 15:40
Pay Week: 02/26/12

Company: 090
End Date: 02/26/12
Printer: tipsy

**Transaction Change Log**

No changes made to transaction

Print Date and Time 02/27/12 3:40:06 PM

Ex. 1-1

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9791977**

Employee: JERIN SHERMAN    SSNum: XXX-XX[redacted]    Net Pay: 1,250.51

Check Date: 03/05/12    End Date: 03/04/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 42.33 | 1693.20 | | | | | | 1,693.20 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,693.20 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,693.20 | Gross | 15090.65 | | |
| FWH | 227.00 | FICA | 852.60 | | |
| FICA | 95.66 | FWT | 1818.41 | LIFE | 657.50 |
| SWH | 103.10 | SDI | 153.35 | | |
| SDI | 16.93 | SWT | 840.18 | | |
| Total Deductions | 442.69 | | | | |
| Net Pay | 1,250.51 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank    Office: 052    Company: 090

Transaction Id: 2222473    Check Date: 03/05/12    End Date: 03/04/12

Pay Period: 9    Print Date: 03/05/12 11:17    Printer: tp6

Printed By: MD14    Pay Week: 03/04/12

**Transaction Change Log**

No changes made to transaction

Print Date and Time 03/ 5/12 11:18:05 AM    Ex. 1-2

Payroll Print

CLP SKILLED TRADES SOLUTIONS

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9794370**

Employee: JERIN SHERMAN SSNum: XXX-XX[redacted] Net Pay: 1,016.80

Check Date: 03/12/12 End Date: 03/11/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 30.50 | | 42.33 | 1291.07 | | | | | | 1,291.07 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,291.07 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,291.07 | Gross | 16381.72 | | |
| FWH | 126.47 | FICA | 925.54 | | |
| FICA | 72.94 | FWT | 1944.88 | LIFE | 688.00 |
| SWH | 61.96 | SDI | 166.26 | | |
| SDI | 12.91 | SWT | 902.14 | | |
| Total Deductions | 274.27 | | | | |
| Net Pay | 1,016.80 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2226151
Pay Period: 10
Printed By: MD14

Office: 052
Check Date: 03/12/12
Print Date: 03/12/12 14:20
Pay Week: 03/11/12

Company: 090
End Date: 03/11/12
Printer: Local

**Transaction Change Log**

No changes made to transaction

Print Date and Time 03/12/12 2:20:44 PM

Ex.1-3

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9796906**

Employee: JERIN SHERMAN SSNum: XXX-XX[redacted] Net Pay: 1,250.51

Check Date: 03/19/12 End Date: 03/18/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 42.33 | 1693.20 | | | | | | 1,693.20 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,693.20 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,693.20 | Gross | 18074.92 | | |
| FWH | 227.00 | FICA | 1021.20 | | |
| FICA | 95.66 | FWT | 2171.88 | LIFE | 728.00 |
| SWH | 103.10 | SDI | 183.19 | | |
| SDI | 16.93 | SWT | 1005.24 | | |
| Total Deductions | 442.69 | | | | |
| Net Pay | 1,250.51 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank

Transaction Id: 2229893

Pay Period: 11

Printed By: DV3

Office: 052

Check Date: 03/19/12

Print Date: 03/19/12 16:57

Pay Week: 03/18/12

Company: 090

End Date: 03/18/12

Printer: tipsy

**Transaction Change Log**

No changes made to transaction

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9798522**

Employee: JERIN SHERMAN SSNum: XXX-XX Net Pay: 1,250.51

Check Date: 03/26/12 End Date: 03/25/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 42.33 | 1693.20 | | | | | | 1,693.20 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,693.20 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,693.20 | Gross | 19768.12 | | |
| FWH | 227.00 | FICA | 1116.86 | | |
| FICA | 95.66 | FWT | 2398.88 | LIFE | 768.00 |
| SWH | 103.10 | SDI | 200.12 | | |
| SDI | 16.93 | SWT | 1108.34 | | |
| Total Deductions | 442.69 | | | | |
| Net Pay | 1,250.51 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank

Transaction Id: 2232617

Pay Period: 12

Printed By: MD14

Office: 052

Check Date: 03/26/12

Print Date: 03/26/12 12:49

Pay Week: 03/25/12

Company: 090

End Date: 03/25/12

Printer: tp6

**Transaction Change Log**

No changes made to transaction

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9787666**

Employee: MATT WATSON SSNum: XXX-XX[redacted] Net Pay: 1,727.12

Check Date: 02/20/12 End Date: 02/19/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 37.00 | | 59.46 | 2200.02 | | | | | | 2,200.02 |
| | | | | | | | | | |
| | | | | | | | | Total: | 2,200.02 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 2,200.02 | Gross | 17243.40 | | |
| FWH | 180.29 | FICA | 947.36 | | |
| FICA | 124.30 | FWT | 1338.84 | LIFE | 651.00 |
| SWH | 146.31 | SDI | 171.48 | | |
| SDI | 22.00 | SWT | 1081.40 | | |
| Total Deductions | 472.90 | | | | |
| Net Pay | 1,727.12 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2215725
Pay Period: 7
Printed By: MD14

Office: 052
Check Date: 02/20/12
Print Date: 02/20/12 09:58
Pay Week: 02/19/12

Company: 090
End Date: 02/19/12
Printer: tipsy

**Transaction Change Log**

No changes made to transaction

Ex. 2-1

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9790369**

Employee: MATT WATSON
SSNum: XXX-XX[redacted]
Net Pay: 1,835.41
Check Date: 02/27/12
End Date: 02/26/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 59.46 | 2378.40 | | | | | | 2,378.40 |
| | | | | | | | | | |
| | | | | | | | | Total: | 2,378.40 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 2,378.40 | Gross | 19621.80 | | |
| FWH | 220.27 | FICA | 1081.74 | | |
| FICA | 134.38 | FWT | 1559.11 | LIFE | 691.00 |
| SWH | 164.56 | SDI | 195.26 | | |
| SDI | 23.78 | SWT | 1245.96 | | |
| Total Deductions | 542.99 | | | | |
| Net Pay | 1,835.41 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2219981
Pay Period: 8
Printed By: MD14

Office: 052
Check Date: 02/27/12
Print Date: 02/27/12 14:07
Pay Week: 02/26/12

Company: 090
End Date: 02/26/12
Printer: tipsy

**Transaction Change Log**

No changes made to transaction

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9791812**

Employee: MATT WATSON
Check Date: 03/05/12

SSNum: XXX-XX[redacted]
End Date: 03/04/12

Net Pay: 1,783.56

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 38.50 | | 59.46 | 2289.21 | | | | | | 2,289.21 |
| | | | | | | | | | |
| | | | | | | | | Total: | 2,289.21 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 2,289.21 | Gross | 21911.01 | | |
| FWH | 197.98 | FICA | 1211.08 | | |
| FICA | 129.34 | FWT | 1757.09 | LIFE | 729.50 |
| SWH | 155.44 | SDI | 218.15 | | |
| SDI | 22.89 | SWT | 1401.40 | | |
| Total Deductions | 505.65 | | | | |
| Net Pay | 1,783.56 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2222257
Pay Period: 9
Printed By: MD14

Office: 052
Check Date: 03/05/12
Print Date: 03/05/12 10:38
Pay Week: 03/04/12

Company: 090
End Date: 03/04/12
Printer: tp6

**Transaction Change Log**

No changes made to transaction

Ex. 2-3

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9794273**

Employee: MATT WATSON | SSNum: XXX-XX[redacted] | Net Pay: 1,783.56

Check Date: 03/12/12 | End Date: 03/11/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 38.50 | | 59.46 | 2289.21 | | | | | | 2,289.21 |
| | | | | | | | | | |
| | | | | | | | | Total: | 2,289.21 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 2,289.21 | Gross | 24200.22 | | |
| FWH | 197.98 | FICA | 1340.42 | | |
| FICA | 129.34 | FWT | 1955.07 | LIFE | 768.00 |
| SWH | 155.44 | SDI | 241.04 | | |
| SDI | 22.89 | SWT | 1556.84 | | |
| Total Deductions | 505.65 | | | | |
| Net Pay | 1,783.56 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2225994
Pay Period: 10
Printed By: MD14

Office: 052
Check Date: 03/12/12
Print Date: 03/12/12 13:37
Pay Week: 03/11/12

Company: 090
End Date: 03/11/12
Printer: Local

**Transaction Change Log**

No changes made to transaction

Ex. 2-4

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9796875**

Employee: MATT WATSON SSNum: XXX-XX-[redacted] Net Pay: 1,381.87
Check Date: 03/19/12 End Date: 03/18/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 42.33 | 1693.20 | | | | | | 1,693.20 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,693.20 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,693.20 | Gross | 25893.42 | | |
| FWH | 104.27 | FICA | 1436.08 | | |
| FICA | 95.66 | FWT | 2059.34 | LIFE | 808.00 |
| SWH | 94.47 | SDI | 257.97 | | |
| SDI | 16.93 | SWT | 1651.31 | | |
| Total Deductions | 311.33 | | | | |
| Net Pay | 1,381.87 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2229850
Pay Period: 11
Printed By: MD14

Office: 052
Check Date: 03/19/12
Print Date: 03/19/12 16:31
Pay Week: 03/18/12

Company: 090
End Date: 03/18/12
Printer: tp6

**Transaction Change Log**

No changes made to transaction

# HARRIS & RUBLE

ATTORNEYS AND COUNSELORS AT LAW

CALIFORNIA OFFICE:

6424 SANTA MONICA BLVD.
LOS ANGELES, CA 90038
TELEPHONE: 323.962.3777
FAX: 323.962.3004
www.harrisandruble.com

ALAN HARRIS
MARCELLA RUBLE*

ABIGAIL TREANOR**
DAVID ZELENSKI**
PRIYA MOHAN**
JONATHAN DAVIS**
LORRAINE AGUILAR**

*ADMITTED IN ILLINOIS ONLY
**ADMITTED IN CALIFORNIA ONLY

ILLINOIS OFFICE:

330 WEST MAIN STREET
BARRINGTON, IL 60010
TELEPHONE: 312.543.0967

RICHARD LENG*
Of Counsel

April 26, 2012

VIA CERTIFIED MAIL

Marty Morgenstern
California Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

Re: Sherman et al. v. CLP Resources, Inc., et al., Los Angeles Superior Court Case No. BC 483549.

Secretary Morgenstern:

Pursuant to the applicable provisions of the California Labor Code Private Attorneys General Act, Jerin Sherman and Matt Watson hereby allege with respect to their employment with CLP Resources, Inc. ("CLP"), that it violated provisions of the California Labor Code. Specifically, Mr. Sherman and Watson allege that CLP violated section 204, 226, 226.7, 510, 512, 1174, 1194, 1198, and the applicable Industrial Welfare Commission Wage Order. The facts and circumstances concerning the alleged violations are outlined in the Complaint, which is enclosed with this correspondence.

Please advise whether you will proceed with an investigation of this matter or whether Mr. Sherman and Mr. Watson may seek civil-penalty recovery for the alleged violations of the California Labor Code and applicable Industrial Welfare Commission Wage Order under the Labor Code Private Attorneys General Act through their private counsel.

Very truly yours,

Alan Harris

enclosure

cc (with enclosure) via certified mail to registered agent for CLP Resources, Inc., CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017; via certified mail to registered agent for First Solar, Inc., CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017

Exhibit 3



STATE OF CALIFORNIA
**Labor & Workforce Development Agency**

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

May 21, 2012

**CERTIFIED MAIL**

Harris & Ruble
6424 Santa Monica Blvd.
Los Angeles, CA 90038

RE: Employer: CLP Resources, Inc.; et al.c/o CT Corporation System
RE: Employee(s): Jerin Sherman and Matt Watson
RE: LWDA No: 10439

This is to inform you that the Labor and Workforce Development Agency (LWDA) received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked April 27, 2012, and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "...civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code." Labor Code Section 2699(l) specifies "[T]he superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement. Please be certain to reference the above LWDA assigned Case Number in any future correspondence.

Sincerely,

Doug Hoffner
Undersecretary

Cc: CLP Resources, Inc.; et al.c/o CT Corporation System
818 W. 7th Street
Los Angeles, CA 90017

Exhibit 4

**PROOF OF SERVICE**

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 6424 Santa Monica Boulevard, Los Angeles, California 90038. On August 20, 2012, I served the within document(s): **FIRST AMENDED COMPLAINT.**

I caused such to be delivered by hand in person to:

N/A

I caused such to be delivered by overnight mail to:

N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

David R. Ongaro
Amelia D. Winchester
Ongaro Burtt Louderback LLP
650 California Street, 5th Floor
San Francisco, CA 94108

I declare under penalty of perjury that the above is true and correct. Executed on August 20, 2012, at Los Angeles, California.

Abigail Treanor

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Alan Harris (SBN 146079) Abigail Treanor (SBN 228610) Harris & Ruble 6424 Santa Monica Boulevard Los Angeles, CA 90038 TELEPHONE NO.: 323-962-3777 FAX NO. (Optional): 323-962-3004 E-MAIL ADDRESS (Optional): aharris@harrisandruble.com, atreanor@harrisandruble.com ATTORNEY FOR (Name): Plaintiffs | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles STREET ADDRESS: 111 N. Hill Street MAILING ADDRESS: 111 N. Hill Street CITY AND ZIP CODE: Los Angeles 90012 BRANCH NAME: Stanley Mosk | |
| PLAINTIFF/PETITIONER: Jerin Sherman and Matt Watson DEFENDANT/RESPONDENT: CLP Resources, Inc. | CASE NUMBER: BC 483549 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* First Amended Complaint
3. a. Party served *(specify name of party as shown on documents served):*
   CLP Resources, Inc.

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
4. Address where the party was served:
   Ongaro Burtt Louderback, LLP, 650 California Street, 5th Floor, San Francisco, CA 94108
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: Jerin Sherman and Matt Watson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CLP Resources, Inc. | BC 483549 |

5. c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*: (2) from *(city)*:

(3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [✓] **by other means** *(specify means of service and authorizing code section)*:

California Code of Civil Procedure section 1013.

[ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. [ ] as an individual defendant.

b. [ ] as the person sued under the fictitious name of *(specify)*:

c. [ ] as occupant.

d. [✓] On behalf of *(specify)*: CLP Resources, Inc.

under the following Code of Civil Procedure section:

[✓] 416.10 (corporation)
[ ] 416.20 (defunct corporation)
[ ] 416.30 (joint stock company/association)
[ ] 416.40 (association or partnership)
[ ] 416.50 (public entity)
[ ] 415.95 (business organization, form unknown)
[ ] 416.60 (minor)
[ ] 416.70 (ward or conservatee)
[ ] 416.90 (authorized person)
[ ] 415.46 (occupant)
[ ] other:

7. **Person who served papers**

a. Name: Abigail Treanor

b. Address: 6424 Santa Monica Boulevard, Los Angeles, CA 90038

c. Telephone number: 323-962-3777

d. The fee for service was: $ 0

e. I am:

(1) [ ] not a registered California process server.

(2) [✓] exempt from registration under Business and Professions Code section 22350(b).

(3) [ ] a registered California process server:

(i) [ ] owner [ ] employee [ ] independent contractor.

(ii) Registration No.:

(iii) County:

8. [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: August 20, 2012

Abigail Treanor

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

[signature]

(SIGNATURE)

**PROOF OF SERVICE**

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 6424 Santa Monica Boulevard, Los Angeles, California 90038. On August 20, 2012, I served the within document(s): **PROOF OF SERVICE OF FIRST AMENDED COMPLAINT.**

I caused such to be delivered by hand in person to:

N/A

I caused such to be delivered by overnight mail to:

N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

David R. Ongaro
Amelia D. Winchester
Ongaro Burtt Louderback LLP
650 California Street, 5th Floor
San Francisco, CA 94108

I declare under penalty of perjury that the above is true and correct. Executed on August 20, 2012, at Los Angeles, California.

Abigail Treanor

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*):
Alan Harris (SBN 146079) Abigail Treanor (SBN 228610)
Harris & Ruble
6424 Santa Monica Boulevard
Los Angeles, CA 90038
TELEPHONE NO.: 323-962-3777 FAX NO. (*Optional*): 323-962-3004
E-MAIL ADDRESS (*Optional*): aharris@harrisandruble.com, atreanor@harrisandruble.com
ATTORNEY FOR (*Name*): Plaintiffs

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

PLAINTIFF/PETITIONER: Jerin Sherman and Matt Watson

DEFENDANT/RESPONDENT: CLP Resources, Inc.

CASE NUMBER: BC 483549

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: First Amended Complaint
3. a. Party served *(specify name of party as shown on documents served)*:
   First Solar, Inc.

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
4. Address where the party was served:
   Ongaro Burtt Louderback, LLP, 650 California Street, 5th Floor, San Francisco, CA 94108
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Jerin Sherman and Matt Watson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CLP Resources, Inc. | BC 483549 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*: (2) from *(city)*:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☑ **by other means** *(specify means of service and authorizing code section)*:
   California Code of Civil Procedure section 1013.

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify)*: CLP Resources, Inc.
   under the following Code of Civil Procedure section:

   ☑ 416.10 (corporation)
   ☐ 416.20 (defunct corporation)
   ☐ 416.30 (joint stock company/association)
   ☐ 416.40 (association or partnership)
   ☐ 416.50 (public entity)
   ☐ 415.95 (business organization, form unknown)
   ☐ 416.60 (minor)
   ☐ 416.70 (ward or conservatee)
   ☐ 416.90 (authorized person)
   ☐ 415.46 (occupant)
   ☐ other:

7. **Person who served papers**
   a. Name: Abigail Treanor
   b. Address: 6424 Santa Monica Boulevard, Los Angeles, CA 90038
   c. Telephone number: 323-962-3777
   d. **The fee** for service was: $ 0
   e. I am:

   (1) ☐ not a registered California process server.
   (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: August 20, 2012

Abigail Treanor
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ [signature]
(SIGNATURE)

**PROOF OF SERVICE**

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 6424 Santa Monica Boulevard, Los Angeles, California 90038. On August 20, 2012, I served the within document(s): **PROOF OF SERVICE OF FIRST AMENDED COMPLAINT.**

I caused such to be delivered by hand in person to:

N/A

I caused such to be delivered by overnight mail to:

N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

David R. Ongaro
Amelia D. Winchester
Ongaro Burtt Louderback LLP
650 California Street, 5th Floor
San Francisco, CA 94108

I declare under penalty of perjury that the above is true and correct. Executed on August 20, 2012, at Los Angeles, California.

Abigail Treanor

EXHIBIT C

COPY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 24 2012

John A. Clarke, Executive Officer/Clerk
BY ________, Deputy
Rugena Juliano

DAVID R. ONGARO, State Bar No. 154698
dongaro@obllaw.com
AMELIA D. WINCHESTER, State Bar No. 257928
awinchester@obllaw.com
ONGARO BURTT & LOUDERBACK LLP
650 California Street, Fifth Floor
San Francisco, CA 94108
Telephone: 415-433-3900
Facsimile: 415-433-3950

Attorneys for Defendants
CLP RESOURCES, INC. and
FIRST SOLAR, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| JERIN SHERMAN and MATT WATSON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CLP RESOURCES, INC., FIRST SOLAR, INC., AND DOES 1-20,<br><br>Defendants. | Case No. BC 483549<br><br>**DEFENDANTS CLP RESOURCES, INC. AND FIRST SOLAR, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES** |

FAXED

Defendants CLP Resources, Inc. and First Solar, Inc. (collectively "Defendants") answer Plaintiffs Jerin Sherman's and Matt Watson's ("Plaintiffs") unverified Complaint for damages ("Complaint") as follows:

Pursuant to section 431.30 of the California Code of Civil Procedure, Defendants generally deny each and every allegation contained in the Complaint, and the whole thereof and

further deny that Plaintiffs were damaged in the manner or sum alleged, or in any other manner or sum whatsoever.

**AFFIRMATIVE DEFENSES**

As and for its affirmative defenses to all causes of action purported to be set forth against them in the Complaint herein, Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part by the applicable statute of limitations, including without limitation Code of Civil Procedure § 340 *et seq*.

**THIRD AFFIRMATIVE DEFENSE**

3. If Defendants' employees, or any of them, committed the acts alleged in the Complaint, although such is not admitted hereby, such acts were committed outside the scope of employment and not by agents of Defendants, and thus Defendants are not liable for such acts.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part by the equitable doctrines of laches, waiver and estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part by the doctrines of accord and satisfaction, settlement and/or payment and release.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiffs' Complaint fails to state a cause or causes of action entitling Plaintiffs to attorneys' fees on any basis.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiffs' unclean hands or inequitable conduct bar the Complaint and each cause of action alleged therein.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Any allegations complained of in the complaint, and damages allegedly suffered were not the result of Defendants' conduct.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiffs' claims are barred by *res judicata* and/or collateral estoppel.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part to the extent that Plaintiffs previously pursued any claim before the California Department of Industrial Relations, Division of Labor Standards Enforcement, or the United States Department of Labor.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Defendants have at all times endeavored in good faith to comply with the provisions of the Fair Labor Standards Act ("FLSA"), and applicable state laws, and Defendants have reasonable grounds for believing that they were in compliance therewith.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Some of Plaintiffs' claims are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the FLSA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The Complaint, and each cause of action alleged therein is barred by the fact that Plaintiffs lack standing to bring certain claims or seek certain relief.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiffs are not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiffs have suffered no irreparable injury based upon any alleged conduct of Defendants, and Plaintiffs have an adequate remedy at law for any such conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiffs' Complaint and each alleged claim are barred because Defendants have complied with their obligations pursuant to Labor Code section 226 to make, keep, and preserve adequate and accurate records of covered employees and the wages, hours, and other conditions and practices of employment as to Defendants' employees.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiffs' Complaint or any purported cause of action alleged therein, is barred because Defendants' conduct was at all times privileged, undertaken in good faith, and/or justified under California law and for legitimate business reasons.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part because Plaintiffs failed to exhaust their internal or administrative remedies.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. The Complaint is barred, in whole or in part, because Defendants have at all times acted reasonably and in good faith and in conformity with and reliance on applicable California state laws, administrative regulations, orders, rulings, interpretations, practices or enforcement policies.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiffs' Complaint and each alleged claim is barred because Plaintiffs agreed to submit any and all disputes with Defendants to binding arbitration in accordance with the rules of the American Arbitration Association

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiffs' causes of action are "frivolous, unreasonable, or groundless" within the meaning of *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), and accordingly, Defendants should recover all costs and attorneys' fees incurred herein

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Defendants reserve the right to add additional affirmative defenses as discovery progresses

WHEREFORE, Defendants pray for relief as follows:

a. Plaintiffs take nothing by their Complaint;

b. That judgment be entered in favor of Defendants;

c. That Defendants recover their costs and expenses incurred herein, including reasonable attorneys' fees; and

d. For such other and further relief as the Court deems just and equitable.

DATED: May 23, 2012

**ONGARO BURTT & LOUDERBACK LLP**

By: [signature]
David R. Ongaro
Amelia D. Winchester

Attorneys for Defendants
CLP RESOURCES, INC. and
FIRST SOLAR, INC.

# EXHIBIT D



DAVID R. ONGARO, State Bar No. 154698
dongaro@obllaw.com
AMELIA D. WINCHESTER, State Bar No. 257928
awinchester@obllaw.com
ONGARO BURTT & LOUDERBACK LLP
650 California Street, Fifth Floor
San Francisco, CA 94108
Telephone: 415-433-3900
Facsimile: 415-433-3950

Attorneys for Defendants
CLP RESOURCES, INC. and
FIRST SOLAR, INC.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 14 2012

John A. Clarke, Executive Officer/Clerk
By ____________, Deputy
SHAUNYA WESLEY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| JERIN SHERMAN and MATT WATSON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CLP RESOURCES, INC., FIRST SOLAR, INC., AND DOES 1-20,<br><br>Defendants. | Case No. BC 483549<br><br>**DEFENDANTS CLP RESOURCES, INC. AND FIRST SOLAR, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES** |

Defendants CLP Resources, Inc. and First Solar, Inc. (collectively "Defendants") answer Plaintiffs Jerin Sherman's and Matt Watson's ("Plaintiffs") unverified First Amended Complaint for damages ("Complaint") as follows:

Pursuant to section 431.30 of the California Code of Civil Procedure, Defendants generally deny each and every allegation contained in the Complaint, and the whole thereof and

further deny that Plaintiffs were damaged in the manner or sum alleged, or in any other manner or sum whatsoever.

**AFFIRMATIVE DEFENSES**

As and for its affirmative defenses to all causes of action purported to be set forth against them in the Complaint herein, Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part by the applicable statute of limitations, including without limitation Code of Civil Procedure § 340 *et seq*.

**THIRD AFFIRMATIVE DEFENSE**

3. If Defendants' employees, or any of them, committed the acts alleged in the Complaint, although such is not admitted hereby, such acts were committed outside the scope of employment and not by agents of Defendants, and thus Defendants are not liable for such acts.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part by the equitable doctrines of laches, waiver and estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part by the doctrines of accord and satisfaction, settlement and/or payment and release.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiffs' Complaint fails to state a cause or causes of action entitling Plaintiffs to attorneys' fees on any basis.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiffs' unclean hands or inequitable conduct bar the Complaint and each cause of action alleged therein.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Any allegations complained of in the complaint, and damages allegedly suffered were not the result of Defendants' conduct.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiffs' claims are barred by *res judicata* and/or collateral estoppel.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part to the extent that Plaintiffs previously pursued any claim before the California Department of Industrial Relations, Division of Labor Standards Enforcement, or the United States Department of Labor.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Defendants have at all times endeavored in good faith to comply with the provisions of the Fair Labor Standards Act ("FLSA"), and applicable state laws, and Defendants have reasonable grounds for believing that they were in compliance therewith.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Some of Plaintiffs' claims are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the FLSA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The Complaint, and each cause of action alleged therein is barred by the fact that Plaintiffs lack standing to bring certain claims or seek certain relief.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiffs are not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiffs have suffered no irreparable injury based upon any alleged conduct of Defendants, and Plaintiffs have an adequate remedy at law for any such conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiffs' Complaint and each alleged claim are barred because Defendants have complied with their obligations pursuant to Labor Code section 226 to make, keep, and preserve adequate and accurate records of covered employees and the wages, hours, and other conditions and practices of employment as to Defendants' employees.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiffs' Complaint or any purported cause of action alleged therein, is barred because Defendants' conduct was at all times privileged, undertaken in good faith, and/or justified under California law and for legitimate business reasons.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part because Plaintiffs failed to exhaust their internal or administrative remedies.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. The Complaint is barred, in whole or in part, because Defendants have at all times acted reasonably and in good faith and in conformity with and reliance on applicable California state laws, administrative regulations, orders, rulings, interpretations, practices or enforcement policies.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiffs' Complaint and each alleged claim is barred because Plaintiffs agreed to submit any and all disputes with Defendants to binding individual arbitration.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiffs' causes of action are "frivolous, unreasonable, or groundless" within the meaning of *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), and accordingly, Defendants should recover all costs and attorneys' fees incurred herein

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Defendants reserve the right to add additional affirmative defenses as discovery progresses

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Plaintiffs are barred in whole or in part from recovering any damages, or any recovery must be reduced, by virtue of Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

22. Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part by the doctrine of consent.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

23. Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part and/or recovery is precluded because the conduct of Defendants was not willful.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

24. Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part because Plaintiffs have received all wages to which they have ever been entitled.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

25. Defendants' actions were for legitimate business reasons and were not based upon a violation of public policy or other factors protected by law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

26. If and to the extent Plaintiffs have sustained damages, these damages were not proximately caused by any conduct of Defendants as alleged or otherwise.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

27. Plaintiffs' Complaint and each alleged cause of action is barred in whole or in part because at all times Plaintiffs were exempt from the overtime compensation requirements of the state and federal wage and hour laws, including but not limited to, the California Labor Code and the California Industrial Welfare Commission.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

28. At all times, Plaintiffs were fully indemnified for all necessary expenditures and/or losses incurred in direct consequence of the discharge of their duties.

**THIRTIETH AFFIRMATIVE DEFENSE**

29. At all times, Plaintiffs were given the opportunity to take meal periods and/or rest breaks, and voluntarily chose not to take their meal periods and/or rest breaks.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

30. Plaintiffs' California Labor Code section 203 Claims are barred beginning on the date Plaintiffs' Complaint was filed.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

31. Plaintiffs' claims are barred, in whole or in part, because Defendants do not have an enforcement duty with respect to its contractors' employees' meal periods and/or rest breaks, nor have Defendants voluntarily assumed such a duty.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

32. Plaintiffs' claims are barred on the ground that Defendants have no actual or constructive knowledge that Plaintiffs worked overtime for which they were not compensated.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

33. If Plaintiffs are entitled to damages (and they are not), such amounts are due either wholly or partially to the acts of parties other than Defendants, and thus Defendants would be entitled to indemnification or contribution in an amount representative of each party's degree of fault, if any.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

34. To the extent Plaintiffs have sustained damages, these damages were not proximately caused by any conduct of the answering Defendants as alleged or otherwise.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

35. Plaintiffs' complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part because the answering Defendants did not require that Plaintiffs work overtime hours or without rest or meal periods.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

36. Neither Plaintiffs nor any aggrieved employees are entitled to any penalty award under any California Labor Code provision because at all times relevant and material herein, the

answering Defendants acted in good faith and had reasonable grounds for believing that they did not violate the wage provisions of the California Labor Code.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

37. Plaintiffs' claims are barred to the extent that they are exempt from the requirements of Industrial Welfare Commission Wage Order 5, including, but not limited to Wage Order 5, Section 1(B)(1) and Section (D).

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

38. The Complaint is barred, in whole, or in part, because Defendants have at all times acted reasonably and in good faith with respect to their obligations pursuant to Labor Code § 1174.

WHEREFORE, Defendants pray for relief as follows:

a. Plaintiffs take nothing by their Complaint;

b. That judgment be entered in favor of Defendants;

c. That Defendants recover their costs and expenses incurred herein, including reasonable attorneys' fees; and

d. For such other and further relief as the Court deems just and equitable.

DATED: September 14, 2012

**ONGARO BURTT & LOUDERBACK LLP**

By: David R. Ongaro/ADW
David R. Ongaro
Amelia D. Winchester

Attorneys for Defendants
CLP RESOURCES, INC. and
FIRST SOLAR, INC.

**PROOF OF SERVICE**

I certify that I am over the age of 18 years and not a party to the within action; that my business address is Ongaro, Burtt & Lauderback, 650 California Street, Fifth Floor, California Street, 5th Floor, San Francisco, California 94108; and that on the date last written I served a true copy of the attached document(s) entitled:

- **DEFENDANTS CLP RESOURCES, INC. AND FIRST SOLAR, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

on the interested parties in this action by sending a true copy thereof as follows:

**Attorneys for Plaintiff**
Alan Harris
Abigail Treanor
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, CA 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
Email: aharris@harrisandruble.com
atreanor@harrisandruble.com

Service was effected by forwarding the above-named documents in the following manner:

☑ **BY REGULAR MAIL (ENCLOSED IN A SEAL ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at San Francisco, California. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at San Francisco, California.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on September 14, 2012, at San Francisco, California.

Linda Johnston Barry

# EXHIBIT E



| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| David R. Ongaro<br>Ongaro Burtt & Louderback LLP<br>650 California Street, Fifth Floor<br>San Francisco, CA 94108<br>(415) 433-3900<br>ATTORNEY FOR (Name): Defendants CLP Resources, Inc., First Solar, Inc. | 154698 | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>MAY 24 2012<br>John A. Clarke, Executive Officer/Clerk<br>BY ______, Deputy<br>Rugena Juliano |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS:<br>111 North Hill Street, Los Angeles, CA 90012 | | |
| PLAINTIFF:<br>Jerin Sherman and Matt Watson | | |
| DEFENDANT:<br>CLP Resources, Inc., First Solar, Inc. and Does 1-20 | | |
| **AFFIDAVIT OF PREJUDICE<br>PEREMPTORY CHALLENGE TO JUDICIAL OFFICER<br>(Code Civ. Proc., § 170.6)** | | CASE NUMBER:<br>BC 483549 |

| Name of Judicial Officer | Dept./Div. Number | |
|---|---|---|
| Soussan G. Bruguera | Dept. 71 | |
| ☑ Judge | ☐ Commissioner | ☐ Referee |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

| I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct. | | |
|---|---|---|
| Date:<br>May 23, 2012 | Signature of Declarant<br>[signature] | CLP Resources, First Solar<br>(Name of Party)<br>☐ Plaintiff ☐ Cross Complainant<br>☑ Defendant ☐ Cross Defendant |

COPY

DAVID R. ONGARO, State Bar No. 154698
dongaro@obllaw.com
AMELIA D. WINCHESTER, State Bar No. 257928
awinchester@obllaw.com
ONGARO BURTT & LOUDERBACK LLP
650 California Street, Fifth Floor
San Francisco, CA 94108
Telephone: 415-433-3900
Facsimile: 415-433-3950

Attorneys for Defendants
CLP RESOURCES, INC. and
FIRST SOLAR, INC.

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 24 2012

John A. Clarke, Executive Officer/Clerk
BY ________ Deputy
Rugena Juliano

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| JERIN SHERMAN and MATT WATSON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CLP RESOURCES, INC., FIRST SOLAR, INC., AND DOES 1-20,<br><br>Defendants. | Case No. BC 483549<br><br>**PROOF OF SERVICE** |

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 650 California Street, Fifth Floor, San Francisco, CA 94108. On **May 24, 2012,** I served the foregoing documents described as follows:

1. **DEFENDANTS CLP RESOURCES, INC. AND FIRST SOLAR, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES**

2. **AFFIDAVIT OF PREJUDICE PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**

I served these documents on the interested party listed below, using the following means:

[X] (BY UNITED STATES MAIL) I enclosed the documents listed above in a sealed envelope or package addressed to the persons at the address listed below and placed the envelope for collection and mailing on the date shown above, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**Counsel for PLAINTIFF**

Alan Harris
Abigail Treanor
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Ph: 323.962.3777
Fx: 323.962.3004
Email: aharris@harrisandruble.com
Email: atreanor@ harrisandruble.com

[X] (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **May 24, 2012,** at San Francisco, California.

Nancie R. Ward

DAVID R. ONGARO, State Bar No. 154698
dongaro@obllaw.com
AMELIA D. WINCHESTER, State Bar No. 257928
awinchester@obllaw.com
ONGARO BURTT & LOUDERBACK LLP
650 California Street, Fifth Floor
San Francisco, CA 94108
Telephone: 415-433-3900
Facsimile: 415-433-3950

Attorneys for Defendants
CLP RESOURCES, INC. and
FIRST SOLAR, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| JERIN SHERMAN and MATT WATSON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CLP RESOURCES, INC., FIRST SOLAR, INC., AND DOES 1-20,<br><br>Defendants. | Case No. BC 483549<br><br>**PROOF OF SERVICE** |

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 650 California Street, Fifth Floor, San Francisco, CA 94108. On **June 12, 2012**, I served the foregoing documents described as follows:

- **MAY 30, 2012 MINUTE ORDER**

I served this document on the interested party listed below using the following means:

[X] (BY UNITED STATES MAIL) I enclosed the document listed above in a sealed envelope or package addressed to the persons at the address listed below and placed the envelope for collection and mailing on the date shown above following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**Counsel for PLAINTIFF**

Alan Harris
Abigail Treanor
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Ph: 323.962.3777
Fx: 323.962.3004
Email: aharris@harrisandruble.com
Email: atreanor@ harrisandruble.com

[X] (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 12, 2012,** at San Francisco, California.

Nancie R. Ward

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/30/12 | DEPT. 71

HONORABLE SOUSSAN G. BRUGUERA JUDGE | L. KLEIN DEPUTY CLERK

HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR

C. RANDLE C.A. Deputy Sheriff | NONE Reporter

8:30 am BC483549

JERIN SHERMAN ET AL
VS
CLP RESOURCES INC ET AL

Plaintiff Counsel
Defendant Counsel

NO APPEARANCES

(170.6-Bruguera, Deft.)

**NATURE OF PROCEEDINGS:**

DEFENDANTS CLP RESOURCES AND FIRST SOLAR INC'S PEREMPTORY CHALLENGE TO HONORABLE JUDGE SOUSSAN G. BRUGUERA, DEPARTMENT 71;

The Court reviews Defendants' CLP Resources and First Solar Inc.'s Peremptory Challenge filed with the Court on 5/24/12 pursuant to Section 170.6 of the Code of Civil Procedure and finds that the document was filed timely.

All future dates in this department are advanced and vacated.

Upon direction from Department 1, the above matter is reassigned from JUDGE SOUSSAN G. BRUGUERA Department 71 to JUDGE DEIRDRE HILL Department 49.

If any appearing party has not yet exercised a peremptory challenge under Section 170.6 CCP, peremptory challenges by them to the newly assigned judge must be timely filed within the 15 day period specified in Section 170.6 CCP, with extensions of time pursuant to Section 1013 CCP if service is by mail. Previously non-appearing parties, if any, have a 15 day statutory period from first appearance to file a peremptory challenge (68616(1) Govt. Code).

Moving party to give notice.

MINUTES ENTERED
05/30/12
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/30/12 DEPT. 71

HONORABLE SOUSSAN G. BRUGUERA JUDGE | L. KLEIN DEPUTY CLERK

HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR

C. RANDLE C.A. Deputy Sheriff | NONE Reporter

8:30 am BC483549

JERIN SHERMAN ET AL
VS
CLP RESOURCES INC ET AL

(170.6-Bruguera, Deft.)

Plaintiff Counsel
NO APPEARANCES
Defendant Counsel

**NATURE OF PROCEEDINGS:**

CERTIFICATE OF SERVICE/
NOTICE OF ENTRY OF ORDER

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Entry of the above minute order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Date: MAY 30, 2012

John A. Clarke, Executive Officer/Clerk

By: [signature]
L. KLEIN, DEPUTY CLERK

ONGARO, BURTT & LAUDERBACK
DAVID R. ONGARO
650 CALIFORNIA ST. 5TH FLOOR
SAN FRANCISCO, CA 94108

MINUTES ENTERED
05/30/12
COUNTY CLERK

Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
atreanor@harrisandruble.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| JERIN SHERMAN and MATT WATSON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CLP RESOURCES, INC., FIRST SOLAR, INC., and DOES 1 to 20,<br><br>Defendants. | Case No. BC 483549<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF; AND**<br><br>**DECLARATION OF ALAN HARRIS IN SUPPORT THEREOF**<br><br>*Assigned to the Honorable Deirdre Hill, Dept. 49*<br><br>Date: _October 3, 2012<br>Time: _8:30 a.m.<br>Place: Dept. 49, 111 N. Hill Street, Los Angeles, California 90012 |

**NOTICE OF MOTION**

**TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on October 3, 2012, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Department 49 of the above-entitled Court, located at 111 North Hill Street, Los Angeles, California 90012, Plaintiffs Jerin Sherman and Matt Watson will, and hereby do, move this Court pursuant to California Civil Procedure sections 473(a)(1) and 576, for leave to file a First Amended Complaint, adding a seventh cause of action under California Labor Code section 203, a seventh cause of action under California Labor Code section 2802, and an eighth cause of action under the Labor Code Private Attorneys General Act, California Labor Code section 2698 *et seq*., against Defendant CLP Resources, Inc. as further described in the accompanying Memorandum of Points and Authorities set forth below.

This Motion is made and based upon the pleadings filed herein, this Notice of Motion, the supporting Memorandum of Points and Authorities, the Declaration of Alan Harris, and all pleadings and papers in the Court's file in this matter, and such further evidence and argument that will be admitted or argued in accordance with the law at the time of the hearing.

Dated: July 3, 2012

HARRIS & RUBLE

Alan Harris
*Attorney for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction.

Plaintiffs Jerin Sherman and Matt Watson (collectively, "Plaintiffs") respectfully request this Court grant them leave to file a First Amended Complaint ("FAC"). On April 26, 2012, Plaintiffs initiated a lawsuit against Defendants CLP Resources, Inc. ("CLP") and First Solar, Inc. ("FSI") (collectively, "Defendants") alleging five causes of action: (1) failure to pay overtime, Cal. Lab. Code §§ 1194 and 1198 and Industrial Welfare Commission ("IWC") Wage Order 16; (2) failure to provide accurate itemized wage statements, Cal. Lab. Code § 226; (3) failure to maintain accurate payroll records, Cal. Lab. Code § 1174 and IWC Wage Order 16; (4) failure to provide rest breaks, Cal. Lab. Code § 226.7; and (5) failure to pay minimum wage and overtime compensation, Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*[1] In the proposed FAC, Plaintiffs seek to add a sixth, seventh, and eighth cause of action under the California Labor Code against CLP only: (6) continuing wages, Cal. Lab. Code § 203; (7) failure to reimburse expenses, Cal. Lab. Code § 2802; and (8) civil penalties, Cal. Lab. Code § 2698 *et seq.*, Labor Code Private Attorneys General Act ("PAGA").

## II. The Motion For Leave To Amend Should Be Granted.

A request for leave to amend is committed to the sound discretion of the trial court. Generally, such discretion is to be exercised to permit amendment. Nestle v. Santa Monica, 6 Cal. 3d 920, 939 (1972); Mabie v. Hyatt, 61 Cal. App. 4th 581, 596 (1998). In the absence of demonstrable prejudice to the opposing party, it is an abuse of discretion to deny amendment if such denial deprives the moving party of a meritorious cause of action. Morgan v. Superior Court, 172 Cal. App. 2d 527, 530 (1959). Ordinarily, unless the proposed amendment is defective on its face, the court will not inquire into the merits or validity of the proposed amended pleading. This will be considered on demurrer or

[1] The first through fourth causes of action under the California Labor Code are alleged against CLP only. Only the fifth cause of action under the FLSA is alleged against both CLP and FSI.

motion for judgment on the pleadings. Kittredge Sports Co.v. Superior Court (Marker), 213 Cal. App. 3d 1045, 1048 (1989).

At the time of the filing of the initial Complaint, Plaintiffs had no claim under California Labor Code section 203—the proposed sixth cause of action. California Labor Code section 203 provides, in relevant part, "[i]f an employer willfully fails to pay . . . *any employee who is discharged* or quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is therefor is commenced." Cal. Lab. Code § 203(a) (emphasis supplied). Plaintiffs were current employees of CLP on April 26, 2012, when the Complaint was first filed. Plaintiffs were not terminated until in or around May 2012. At the time of their termination, Defendants did not pay Plaintiffs all of their unpaid overtime and rest wages, as alleged in the initial Complaint. In fact, to date, Plaintiffs remain unpaid for all of their wages that should have been paid under California Labor Code section 201.[2]

With respect to the proposed seventh cause of action, California Labor Code section 2802 provides, in relevant part, "[a]n employer shall indemnify his or her employer for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Cal. Lab. Code § 2802(a). Plaintiffs have not been reimbursed for their out-of-pocket expenses.

With respect to Plaintiffs' proposed addition of a cause of action under PAGA, Plaintiffs are entitled to assert that claim *as a matter of right*. California Labor Code section 2699.3 (a) provides:

> A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1) The aggrieved employee or representative shall give written notice by

[2] California Labor Code section 201 provides, in relevant part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a).

certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.  (B) If the agency intends to investigate the alleged violation, it shall notify the employer and the aggrieved employee or representative by certified mail of its decision within 33 calendar days of the postmark date of the notice received pursuant to paragraph (1). Within 120 calendar days of that decision, the agency may investigate the alleged violation and issue any appropriate citation. If the agency determines that no citation will be issued, it shall notify the employer and aggrieved employee of that decision within five business days thereof by certified mail. Upon receipt of that notice or if no citation is issued by the agency within the 158-day period prescribed by subparagraph (A) and this subparagraph or if the agency fails to provide timely or any notification, the aggrieved employee may commence a civil action pursuant to Section 2699. (C) *Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part.*

On April 26, 2012, Plaintiffs gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants, through its registered agents for service of process, of the specific provisions of the California Labor Code alleged to have been violated by Defendant CLP, including the facts and theories

specified in the original complaint filed on April 26, 2012. On May 21, 2012, the LWDA indicated that it does not intend to investigate Plaintiffs' allegations.[3] Accordingly, pursuant to section 2699.3(a)(2)(A), Plaintiffs "may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days." Cal. Lab. Code § 2699.3(a)(2)(C). Plaintiffs are within the 60-day time limit set forth in subsection 2699.3(a)(2)(C).

Defendant CLP will not suffer prejudice by the additional causes of action.[4] As with the first through fifth causes of action in the initial Complaint, the proposed sixth through eighth causes of action arise from alleged wage-and-hour violations. Defendant CLP was on notice that if it did not pay Plaintiffs all of their due and owing wages at the time of termination, it would be liable under California Labor Code section 203 for continuing wages. With respect to the cause of action under PAGA, Defendant CLP has been on actual notice of the civil-penalty claims since April 26, 2012, when both Defendants were copied on the April 26, 2012, letter to the LWDA.

/////

[3] A copy of the May 21, 2012, LWDA letter is attached as Exhibit 4 to proposed FAC attached to the Harris Declaration filed herewith.

[4] The proposed sixth, seventh, and eighth causes of action are not alleged against Defendant FSI.

**III. Conclusion.**

No reason exists to deny leave to amend, as the FAC adds claims that are related to the initial Complaint, but could not have been brought when the initial Complaint was filed. Defendants will not suffer any prejudice by the addition of the proposed sixth, seventh, and eighth causes of action. No discovery has commenced in this action. Defendants prematurely filed an Answer to the initial Complaint without first being formally served. The proposed new claims are related to the first through fourth causes of action as they are all wage-and-hour claims involving Defendant CLP's violations of the California Labor Code. For all the foregoing reasons, this Court should permit Plaintiff's filing of the proposed FAC filed and served herewith as Exhibit 1 to the Harris Declaration.

DATED: July 3, 2012

HARRIS & RUBLE

Alan Harris
*Attorneys for Plaintiff*

7
PLS.' MOT. FOR LEAVE TO FILE A FIRST AM. COMPL.; MEM. OF P. AND A.; HARRIS DECL.

**DECLARATION OF ALAN HARRIS**

ALAN HARRIS declares under penalty of perjury as follows:

1. I am a member in good standing of the State Bar of California and am one of the attorneys for Plaintiffs Jerin Sherman and Matt Watson in the above-captioned action. If sworn as a witness, I could competently testify to each and every fact set forth herein from my own personal knowledge.

2. Defendants have not been served with the initial Complaint in this action, but have prematurely filed an Answer to the initial Complaint.

3. On April 26, 2012, my office gave written notice to State of California Labor and Workforce Development Agency ("LWDA"), via certified mail that Plaintiffs had alleged various violations of the California Labor Code against Defendant CLP Resources, Inc. ("CLP"). I enclosed a copy of the Complaint in order to advise of the specific provisions of the California Labor Code alleged to have been violated. In addition, I sent a copy of the written notice and file-stamped Complaint to the registered agents of Defendant CLP and Defendant First Solar, Inc. ("FSI").

4. On May 21, 2012, the LWDA sent a letter by certified mail to my firm stating that the LWDA did not intend to investigate Defendant CLP's alleged violations of the California Labor Code. A copy of this letter was also sent to both of Defendants' registered agents.

5. The proposed First Amended Complaint ("FAC") is attached hereto as Exhibit 1. A copy of the April 26, 2012, letter to the LWDA is attached as Exhibit 3 to the proposed FAC. A copy of the May 21, 2012, letter from the LWDA is attached as Exhibit 4 to the proposed FAC.

/////

6. A redlined version of the proposed FAC highlighting the changes from the initial Complaint is attached hereto as Exhibit 2.

I have read the foregoing, and the facts set forth therein are true and correct of my owner personal knowledge. Executed July 3, 2012, in the City of Los Angeles, State of California.

Alan Harris

9

PLS.' MOT. FOR LEAVE TO FILE A FIRST AM. COMPL.; MEM. OF P. AND A.; HARRIS DECL.

Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
atreanor@harrisandruble.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

JERIN SHERMAN and MATT WATSON, individually,

Plaintiffs,

v.

CLP RESOURCES, INC., FIRST SOLAR, INC., and DOES 1 to 20,

Defendants.

Case No.

**FIRST AMENDED COMPLAINT**

1. Failure to Pay Overtime, Cal. Lab. Code §§ 1194 and 1198 and IWC Wage Order 16
2. Failure to Provide Accurate Itemized Wage Statements, Cal. Lab. Code § 226
3. Failure to Maintain Accurate Payroll Records, Cal. Lab. Code § 1174 and IWC Wage Order 16
4. Failure to Provide Rest Breaks, Cal. Lab. Code § 226.7
5. Failure to Pay Minimum Wage and Overtime Compensation, Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
6. Continuing Wages, Cal. Lab. Code § 203
7. Failure to Reimburse Expenses, Cal. Lab. Code § 2802
8. Civil Penalties, Cal. Lab. Code § 2698 *et seq.*, Labor Code Private Attorneys General Act

**DEMAND FOR JURY TRIAL**

EXHIBIT 1

Plaintiffs Jerin Sherman and Matt Watson, by and through their undersigned attorneys, allege as follows:

## JURISDICTION AND VENUE

1.     This is a civil action seeking overtime, damages, and attorneys' fees and costs.   Venue is proper in this judicial district, pursuant to California Code of Civil Procedure sections 395(a) and 395.5.  Defendants maintain an office, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process.  The unlawful acts alleged herein had a direct effect on and were committed within the County of Los Angeles, State of California.

## PARTIES

2.     Plaintiff Jerin Sherman ("Sherman") is an individual who, during the time periods relevant to this Complaint, was employed by Defendants CLP Resources, Inc. and First Solar, Inc. in the County of Los Angeles, State of California.

3.     Plaintiff Matt Watson ("Watson") is an individual who, during the time periods relevant to this Complaint, was employed by Defendants CLP Resources, Inc. and First Solar, Inc. in the County of Los Angeles, State of California.  (Sherman and Watson shall be collectively referred to as "Plaintiffs.")

4.     CLP Resources, Inc. ("CLP") is a skilled trades-staffing company providing skilled trades-people to a broad range of contractors.  CLP is incorporated in Delaware and has its headquarters in Reno, Nevada.  CLP is authorized to do and does business in the County of Los Angeles, State of California.

5.     First Solar, Inc. ("FSI") designs, builds, and operates utility-scale solar power plants.  FSI is incorporated in Delaware and has its headquarters in Tempe, Arizona.  FSI is authorized to do and does business in the County of Los Angeles, State of California.  (CLP and FSI shall collectively be referred to as "Defendants.")

6.     The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 to 20 inclusive, are unknown to Plaintiffs at this time,

who therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believes and thereupon alleges that each defendant designated herein as a Doe is responsible, negligently, intentionally, contractually, or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs as is hereinafter alleged, either through said defendants' own wrongful conduct or through the conduct of their agents, servants, employees, representatives, officers or attorneys, or in some other manner.

## GENERAL ALLEGATIONS

7. Defendants have employed Plaintiffs as skilled laborers from 2011 to the present. Plaintiffs are current employees of Defendants. In this capacity, Plaintiffs perform functions related to the construction of a solar power plant in the County of Los Angeles. Plaintiffs' work shifts are from 7:00 a.m. to 3:30 p.m. Monday through Friday every week. Plaintiffs are only paid for their scheduled work shifts, notwithstanding Defendants' requirement that Plaintiffs report for duty before 7:00 a.m. and Plaintiffs do not stop working until after 3:30 p.m.

8. At all times relevant hereto California Labor Code sections 1194 and 1198 and Industrial Welfare Commission ("IWC") Wage Order 16 required the payment of overtime for hours worked over eight in a workday.

9. At all relevant times mentioned herein, California Labor Code section 1194 provided, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194(a).

10. At all relevant times mentioned herein, section 1198 of the California Labor Code provided:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Cal. Lab. Code § 1198. Section 1198 refers to "conditions of labor prohibited by the order [of the IWC]" and therefore incorporates by reference IWC Wage Order Number 16. To date, Plaintiffs have not been paid for all of the hours they worked for Defendants. By failing to pay Plaintiffs for all of their hours of work, CLP violated section 1198 by employing Plaintiff "under conditions of labor prohibited by the order." Cal. Lab. Code § 1198.

11. IWC Wage Order 16 provides, in relevant part:

> (A) Every employer shall pay to each employee wages of not less than seven dollars and fifty cents ($7.50) per hour for all hours worked, effective January 1, 2007, and not less than eight dollars ($8.00) per hour for all hours worked, effective January 1, 2008.
>
> (B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commissioner, or otherwise.

8 Cal. Code Regs. § 11160(4).

12. At all relevant times mentioned herein, section 204 of the California Labor Code provided, in relevant part:

> All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during

each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

13. Similarly, at all times relevant hereto, the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* require the payment of at least minimum wage and overtime for hours worked over forty in a workweek. See 29 U.S.C. §§ 206 and 207.

14. Plaintiffs were prevented from taking proper rest breaks as required by law.

15. At all times relevant hereto, section 226.7 of the California Labor Code provided:

(a) No employer shall require any employee to work during any . . . rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a . . . rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7.

16. IWC Wage Order 16 provides, in relevant part:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Nothing in this provision shall prevent an employer from staggering rest periods to avoid interruption in the flow of work and to

maintain continuous operations, or from scheduling rest periods to coincide with breaks in the flow of work that occur in the course of the workday. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time for every four (4) hours worked, or major fraction thereof. Rest periods shall take place at employer designated areas, which may include or be limited to the employees' immediate work area.

. . .

(D) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

8 Cal. Code Regs. § 11160(11).

17.     CLP violated section 226.7 of the California Labor Code and IWC Wage Order 16 by failing to compensate Plaintiffs for their hours worked on authorized rest periods.  Accordingly, Plaintiffs are entitled to an additional hour of pay for each workday Plaintiffs were not properly provided their rest periods.  See Cal. Lab. Code § 226.7(b); 8 Cal. Code Regs. § 11160(11).

18.     Compensation for missed rest periods constitutes wages within the meaning of section 200 *et seq.* of the California Labor Code.

19.     To date, Defendants have failed to compensate Plaintiffs for all of their earned wages in accordance with the California Labor Code, IWC Wage Order 16, and/or the FLSA.

20.     At all relevant times mentioned herein, section 226 of the California Labor Code provided:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when

wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an

aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.

21. Throughout the period of Plaintiffs' employment with CLP, CLP failed to provide them with all of the data required by section 226(a) of the California Labor Code. For example, Defendant's wage statements fail, inter alia, to state the name and address of the legal entity that is the employer. Cal. Lab. Code § 226(a)(8). In addition, they fail to inform Plaintiffs with respect to the total hours worked, net and gross wages earned, and all applicable hourly rates.

22. At all relevant times mentioned herein, section 1174 of the California Labor Code provided:

Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

Cal. Lab. Code § 1174(d ).

23. IWC Wage Order 16 provides, in relevant part:

(A) Every employer who has control over wages, hours, or working conditions shall keep accurate information with respect to each employee, including the following:

(1) The employee's full name, home address, occupation, and social security number. The employee's date of birth, if under 18 years of age, and designation as a minor. Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total

daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(2) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(3) Total hours worked during the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request. When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(B) Every employer who has control over wages, hours, or working conditions shall semimonthly or at the time of each payment of wages furnish each employee an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item. (See Labor Code Section 226.) This information shall be furnished either separately or as a detachable part of the check, draft, or voucher paying the employee's wages.

8 Cal. Code Regs. §11160(6)(A)–(B).

24. Defendant failed to maintain payroll records required by the California Labor Code and IWC Wage Order 16. For example, Defendant failed to record the "[t]ime records . . . when the employee begins and ends each work period." 8 Cal. Code Regs. §11160(6)(A)(1).

25. Section 2699 of the California Labor Code, the Labor Code Private Attorneys General Act of 2004, provides in subpart (a) and subparts (f) through (g):

(a) Notwithstanding any other provision of law, any provision of this code

that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

. . . .

(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

. . . .

(g) Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

Cal. Lab. Code § 2699.

26. At all times relevant herein, section 226.3 of the California Labor Code provided, in relevant part:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($ 250) per employee per violation in an initial citation and one thousand dollars ($ 1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

Cal. Lab. Code § 226.3.

27. At all times relevant herein, section 210 of the California Labor Code provided, in relevant part:

(a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210.

28. At all times relevant herein, section 1197.1 of the California Labor Code provided, in relevant part:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows:

(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

Cal. Lab. Code § 1197.1.

29. Wage Order 16 provides for civil penalties with respect to violations of the Wage Order:

(A) Penalties for Violations of the Provisions of this Order. Any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to civil and criminal penalties as provided by law. In addition, violation of any provision of this order shall be subject to a civil penalty as follows: (1) Initial Violation - $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages. (2) Subsequent Violations - $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages. (3) The affected employee shall receive payment of all wages recovered. The labor commissioner may also issue citations pursuant to California Labor Code Section 1197.1 for non-payment of wages for overtime work in violation of this order.

8 Cal. Code Regs. §11160(18)(A).

/////

**FIRST CAUSE OF ACTION**

(Cal. Lab. Code §§ 1194, 1194.2 and 1198 and IWC Wage Order 16, Failure to Pay Overtime)

(On Behalf of Plaintiffs Against CLP)

30. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

31. Defendant CLP, by failing to pay Plaintiffs for the time they worked before 7:00 a.m. and after 3:30 p.m., has violated sections 1194 and 1198 of the California Labor Code and IWC Wage Order 16.

32. Plaintiffs are, accordingly, entitled to recovery of the unpaid balance of the full amount of their unpaid overtime, including interest thereon, reasonable attorneys' fees and costs of suit, in accordance with section 1194(a) of the California Labor Code.

33. Plaintiffs are also entitled to liquidated damages in accordance with section 1194.2 of the California Labor Code.

**SECOND CAUSE OF ACTION**

(Cal. Lab. Code § 226, Failure to Provide Accurate Information on Wage Statements)

(On Behalf of Plaintiffs Against Defendant CLP)

34. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

35. Defendant CLP employed Plaintiffs but failed to provide them with the data required by section 226(a) of the California Labor Code. For example, Defendant CLP failed to provide the name and address of the legal employer. See Cal. Lab. Code § 226(a)(8). Defendants actions were intentional and caused injury to Plaintiffs insofar as Plaintiffs were deprived of data to which they were legally entitled.

36. Accordingly, Plaintiffs are entitled to damages and costs and attorney's fees, demand for which is hereby made in accord with the provisions of California Labor Code section 226(e).

/////

**THIRD CAUSE OF ACTION**
(Failure to Maintain Accurate Payroll Time Records,
Labor Code section 1174, IWC Wage Order No. 16)
(On Behalf of Plaintiffs Against Defendant CLP)

37.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

38.     Defendant CLP has violated California Labor Code section 1174 and IWC Wage Order No. 16 by willfully failing to keep required payroll records showing the actual hours and/or the begin and end time worked each day by Plaintiffs.  Indeed, the IWC Wage Order requires that the employer maintain "[t]ime records showing when the employee begins and ends each work period." 8 Cal. Code Regs. § 11160(6)(A)(1). Defendant CLP failed to properly maintain such records.

39.     As a direct and proximate result of Defendant CLP's failure to maintain payroll records, Plaintiffs suffered actual economic harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking all accrued pay.

40.     Plaintiffs request relief as described below.

**FOURTH CAUSE OF ACTION**
(Failure to Provide Proper Rest Periods, California Labor Code section 226.7 and
IWC Wage Order 16)
(On Behalf of Plaintiffs Against Defendant CLP)

41.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

42.     At all times herein relevant, section 226.7 of the California Labor Code and 8 California Code of Regulations section 11160 provided that employees must receive rest periods of ten minutes for each four hours of work. 8 Cal. Code Regs. 11160(11)(A).

43.     Because Defendant CLP failed to properly provide the required rest periods, it is liable to Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code section 226.7 and California Code of Regulations section 11160, for the period of time from the four years prior to the filing of the Complaint to date.

Plaintiffs request relief as described below.

**FIFTH CAUSE OF ACTION**

(Failure to Pay Minimum Wage and/or Overtime Compensation,
Fair Labor Standards Act, 29 U.S.C. § 216(b))
(On Behalf of Plaintiffs Against Defendants CLP and FSI)

44. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

45. Defendants CLP and FSI intentionally and improperly failed to pay Plaintiff overtime compensation to which they are entitled. The FLSA, 29 U.S.C. § 207 provides, in relevant part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

46. During their employment with Defendants CLP and FSI, Plaintiffs were not paid for all of their time worked.

47. Accordingly, Plaintiffs request payment of overtime compensation according to proof, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

**SIXTH CAUSE OF ACTION**

(Cal. Lab. Code § 203—Continuing Wages)
(On Behalf of Plaintiffs Against Defendant CLP)

48. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

49. Plaintiffs were discharged on or about May 25, 2012, but were not provided

all of their wages within the time required by section 201 of the California Labor Code, despite Defendant CLP's knowledge of its obligation to do so. Defendant CLP's actions were "willful" within the meaning of section 203 of the California Labor Code.

50. Plaintiffs are therefore entitled to thirty days of continuing wages pursuant to California Labor Code section 203.

**SEVENTH CAUSE OF ACTION**

(Cal. Lab. Code § 2802— Indemnification and Reimbursement of Expenditures)
(On Behalf of Plaintiffs Against Defendant CLP)

51. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

52. At all relevant times herein, California Labor Code section 2802 provided, in relevant part:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or duties . . . .
>
> (b) All awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.
>
> (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing rights granted by this section.

Cal. Lab. Code § 2802.

53. At all relevant times herein, Wage Order 16 provided, in relevant part:

> (A) When the employer requires uniforms to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term "uniform" includes wearing apparel and accessories of distinctive design or color.

(B) When the employer requires the use of tools or equipment or they are necessary for the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage may provide and maintain hand tools and equipment customarily required by the particular trade or craft in conformity with Labor Code Section 2802.

8 Cal. Code Regs. §11160(8).

54. In the discharge of their duties, Defendant CLP required Plaintiffs to wear protective gear for which they provided and maintained personally and were not reimbursed for their out-of-pocket expenses.

55. Pursuant to section 2802 of the California Labor Code, Plaintiffs are entitled to reimbursement of their out-of-pocket expenses from Defendant, interest thereon, attorneys' fees and costs, according to proof.

**EIGHTH CAUSE OF ACTION**

(Cal. Lab. Code § 2698 *et seq.*, Civil Penalties Under the Private Attorneys General Act)
(On Behalf of Plaintiffs Against Defendant CLP)

56. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

57. Pursuant to California Labor Code section 2699.3(a)(1), on or about April 26, 2012, Plaintiffs gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants, through its registered agents for service of process, of the specific provisions of the California Labor Code alleged to have been violated by Defendant CLP , including the facts and theories specified in the original complaint filed on April 26, 2012. A copy of the April 26, 2012, letter and certified mail receipts are attached hereto as **Exhibit 3**.

58. At all relevant times herein, California Labor Code section 2699.3(a)(2)(A) provided:

The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

Cal. Lab. Code § 2699.3(a)(2)(A). On May 21, 2012, the LWDA indicated that it does not intend to investigate Plaintiffs' allegations. Attached hereto as **Exhibit 4** is the May 21, 2012, letter from the LWDA. Accordingly, pursuant to section 2699.3(a)(2)(A), Plaintiffs "may commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).

59. Section 210 of the California Labor Code provides for civil penalties for each violation of section 204. Section 226.3 of the California Labor Code provides for civil penalties for each violation of section 226 (a). Section 558 provides for civil penalties for each violation of sections 510 and 512. Section 1197.1 provides for civil penalties for each violation of section 1194. Section 2699(f) of the California Labor Code provides for civil penalties for violations of the California Labor Code, for which a specific civil penalty is not provided and the applicable Industrial Welfare Commission Wage Order. Section 2699(a) provides that civil penalties may be "recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees." Cal. Lab. Code § 2699(a). Section 2699(g) provides that an employee who prevails in a civil action under section 2699 shall be entitled to an award of reasonable attorneys' fees and costs.

60. The State of California and Plaintiffs are, therefore, entitled to civil penalties, attorneys' fees, and costs according to proof.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment as follows:

1. That, with respect to the First Cause of Action, this Court enter judgment in favor of Plaintiffs for payment of their unpaid overtime, interest thereon, liquidated damages, reasonable attorneys' fees and costs of suit, according to proof, in accordance with sections 1194(a) and 1194.2 of the California Labor Code, against Defendant CLP.

2. That, with respect to the Second Cause of Action, this Court enter judgment in favor of Plaintiffs for an injunction requiring compliance with the law, damages, reasonable attorney's fees, and costs of suit, each according to proof, in accordance with section 226(e) of the California Labor Code, against Defendant CLP.

3. That, with respect to the Third Cause of Action, Plaintiffs be awarded judgment, damages, interest, and costs, according to proof.

4. That, with respect to the Fourth Cause of Action, Plaintiffs be awarded an additional hour of pay for each workday for which a rest period was not properly taken, reasonable attorneys' fees, and costs of suit, each according to proof, pursuant to California Labor Code section 226.7, against Defendant CLP.

5. That, with respect to the Fifth Cause of Action, Plaintiffs be awarded their unpaid overtime compensation, liquidated damages, and attorneys' fees and costs, according to proof, pursuant to 29 U.S.C. § 216(b), against Defendants CLP and FSI.

6. That, with respect to the Sixth Cause of Action, Plaintiffs be awarded thirty days continuing wages pursuant to California Labor Code section 203 against Defendant CLP.

7. That, under the Seventh Cause of Action, it be adjudged Plaintiffs be awarded reimbursement of her expenses and interest, and attorneys' fees and costs, according to proof, pursuant to section 2802 of the California Labor Code against Defendant CLP.

8. That, under the Eighth Cause of Action, it be adjudged that the State of California and Plaintiff be awarded civil penalties, attorneys' fees and costs, in an amount

according to proof against Defendant CLP.

9. For such further relief as the Court may order.

Plaintiff demands a trial by jury as to all counts.

DATED: July 2, 2012

HARRIS & RUBLE

Alan Harris
*Attorney for Plaintiff*

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9790639**

Employee: JERIN SHERMAN | SSNum: XXX-XX-[redacted] | Net Pay: 1,053.68

Check Date: 02/27/12 | End Date: 02/26/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 32.00 | | 42.33 | 1354.56 | | | | | | 1,354.56 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,354.56 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,354.56 | Gross | 13397.45 | | |
| FWH | 142.34 | FICA | 756.94 | | |
| FICA | 76.53 | FWT | 1591.41 | LIFE | 617.50 |
| SWH | 68.46 | SDI | 136.42 | | |
| SDI | 13.55 | SWT | 737.08 | | |
| Total Deductions | 300.88 | | | | |
| Net Pay | 1,053.68 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2220325
Pay Period: 8
Printed By: PJ2

Office: 052
Check Date: 02/27/12
Print Date: 02/27/12 15:40
Pay Week: 02/26/12

Company: 090
End Date: 02/26/12
Printer: tipsy

**Transaction Change Log**

No changes made to transaction

Ex. 1-1



Payroll Print

CLP SKILLED TRADES SOLUTIONS

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9791977**

Employee: JERIN SHERMAN SSNum: XXX-XX[redacted] Net Pay: 1,250.51

Check Date: 03/05/12 End Date: 03/04/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 42.33 | 1693.20 | | | | | | 1,693.20 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,693.20 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,693.20 | Gross | 15090.65 | | |
| FWH | 227.00 | FICA | 852.60 | | |
| FICA | 95.66 | FWT | 1818.41 | LIFE | 657.50 |
| SWH | 103.10 | SDI | 153.35 | | |
| SDI | 16.93 | SWT | 840.18 | | |
| Total Deductions | 442.69 | | | | |
| Net Pay | 1,250.51 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank

Transaction Id: 2222473

Pay Period: 9

Printed By: MD14

Office: 052

Check Date: 03/05/12

Print Date: 03/05/12 11:17

Pay Week: 03/04/12

Company: 090

End Date: 03/04/12

Printer: tp6

**Transaction Change Log**

No changes made to transaction

Ex. 1-2



Payroll Print

CLP SKILLED TRADES SOLUTIONS

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9794370**

Employee: JERIN SHERMAN SSNum: XXX-XX[redacted] Net Pay: 1,016.80

Check Date: 03/12/12 End Date: 03/11/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 30.50 | | 42.33 | 1291.07 | | | | | | 1,291.07 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,291.07 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,291.07 | Gross | 16381.72 | | |
| FWH | 126.47 | FICA | 925.54 | | |
| FICA | 72.94 | FWT | 1944.88 | LIFE | 688.00 |
| SWH | 61.96 | SDI | 166.26 | | |
| SDI | 12.91 | SWT | 902.14 | | |
| Total Deductions | 274.27 | | | | |
| Net Pay | 1,016.80 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2226151
Pay Period: 10
Printed By: MD14

Office: 052
Check Date: 03/12/12
Print Date: 03/12/12 14:20
Pay Week: 03/11/12

Company: 090
End Date: 03/11/12
Printer: Local

**Transaction Change Log**

No changes made to transaction

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9796906**

Employee: JERIN SHERMAN SSNum: XXX-XX[redacted] Net Pay: 1,250.51

Check Date: 03/19/12 End Date: 03/18/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 42.33 | 1693.20 | | | | | | 1,693.20 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,693.20 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,693.20 | Gross | 18074.92 | | |
| FWH | 227.00 | FICA | 1021.20 | | |
| FICA | 95.66 | FWT | 2171.88 | LIFE | 728.00 |
| SWH | 103.10 | SDI | 183.19 | | |
| SDI | 16.93 | SWT | 1005.24 | | |
| Total Deductions | 442.69 | | | | |
| Net Pay | 1,250.51 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank

Transaction Id: 2229893

Pay Period: 11

Printed By: DV3

Office: 052

Check Date: 03/19/12

Print Date: 03/19/12 16:57

Pay Week: 03/18/12

Company: 090

End Date: 03/18/12

Printer: tipsy

**Transaction Change Log**

No changes made to transaction

Print Date and Time 03/19/12 4:57:39 PM

Ex. 1-4

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9798522**

Employee: JERIN SHERMAN SSNum: XXX-XX Net Pay: 1,250.51

Check Date: 03/26/12 End Date: 03/25/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 42.33 | 1693.20 | | | | | | 1,693.20 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,693.20 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,693.20 | Gross | 19768.12 | | |
| FWH | 227.00 | FICA | 1116.86 | | |
| FICA | 95.66 | FWT | 2398.88 | LIFE | 768.00 |
| SWH | 103.10 | SDI | 200.12 | | |
| SDI | 16.93 | SWT | 1108.34 | | |
| Total Deductions | 442.69 | | | | |
| Net Pay | 1,250.51 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2232617
Pay Period: 12
Printed By: MD14

Office: 052
Check Date: 03/26/12
Print Date: 03/26/12 12:49
Pay Week: 03/25/12

Company: 090
End Date: 03/25/12
Printer: tp6

**Transaction Change Log**

No changes made to transaction

Ex. 1 - 5

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9787666**

Employee: MATT WATSON
Check Date: 02/20/12

SSNum: XXX-XX-[redacted]
End Date: 02/19/12

Net Pay: 1,727.12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 37.00 | | 59.46 | 2200.02 | | | | | | 2,200.02 |
| | | | | | | | | | |
| | | | | | | | | Total: | 2,200.02 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 2,200.02 | Gross | 17243.40 | | |
| FWH | 180.29 | FICA | 947.36 | | |
| FICA | 124.30 | FWT | 1338.84 | LIFE | 651.00 |
| SWH | 146.31 | SDI | 171.48 | | |
| SDI | 22.00 | SWT | 1081.40 | | |
| Total Deductions | 472.90 | | | | |
| Net Pay | 1,727.12 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2215725
Pay Period: 7
Printed By: MD14

Office: 052
Check Date: 02/20/12
Print Date: 02/20/12 09:58
Pay Week: 02/19/12

Company: 090
End Date: 02/19/12
Printer: tipsy

**Transaction Change Log**

No changes made to transaction

Ex. 2-1

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9790369**

Employee: MATT WATSON
Check Date: 02/27/12

SSNum: XXX-XX[redacted]
End Date: 02/26/12

Net Pay: 1,835.41

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 59.46 | 2378.40 | | | | | | 2,378.40 |
| | | | | | | | | | |
| | | | | | | | | Total: | 2,378.40 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 2,378.40 | Gross | 19621.80 | | |
| FWH | 220.27 | FICA | 1081.74 | | |
| FICA | 134.38 | FWT | 1559.11 | LIFE | 691.00 |
| SWH | 164.56 | SDI | 195.26 | | |
| SDI | 23.78 | SWT | 1245.96 | | |
| Total Deductions | 542.99 | | | | |
| Net Pay | 1,835.41 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2219981
Pay Period: 8
Printed By: MD14

Office: 052
Check Date: 02/27/12
Print Date: 02/27/12 14:07
Pay Week: 02/26/12

Company: 090
End Date: 02/26/12
Printer: tipsy

**Transaction Change Log**

No changes made to transaction

Print Date and Time 02/27/12 2:07:38 PM

Ex. 2-2



Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9791812**

Employee: MATT WATSON
Check Date: 03/05/12

SSNum: XXX-XX[redacted]
End Date: 03/04/12

Net Pay: 1,783.56

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 38.50 | | 59.46 | 2289.21 | | | | | | 2,289.21 |
| | | | | | | | | | |
| | | | | | | | | Total: | 2,289.21 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 2,289.21 | Gross | 21911.01 | | |
| FWH | 197.98 | FICA | 1211.08 | | |
| FICA | 129.34 | FWT | 1757.09 | LIFE | 729.50 |
| SWH | 155.44 | SDI | 218.15 | | |
| SDI | 22.89 | SWT | 1401.40 | | |
| Total Deductions | 505.65 | | | | |
| Net Pay | 1,783.56 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2222257
Pay Period: 9
Printed By: MD14

Office: 052
Check Date: 03/05/12
Print Date: 03/05/12 10:38
Pay Week: 03/04/12

Company: 090
End Date: 03/04/12
Printer: tp6

**Transaction Change Log**

No changes made to transaction

Ex. 2-3

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9794273**

Employee: MATT WATSON SSNum: XXX-XX[redacted] Net Pay: 1,783.56
Check Date: 03/12/12 End Date: 03/11/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 38.50 | | 59.46 | 2289.21 | | | | | | 2,289.21 |
| | | | | | | | | | |
| | | | | | | | | Total: | 2,289.21 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 2,289.21 | Gross | 24200.22 | | |
| FWH | 197.98 | FICA | 1340.42 | | |
| FICA | 129.34 | FWT | 1955.07 | LIFE | 768.00 |
| SWH | 155.44 | SDI | 241.04 | | |
| SDI | 22.89 | SWT | 1556.84 | | |
| Total Deductions | 505.65 | | | | |
| Net Pay | 1,783.56 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2225994
Pay Period: 10
Printed By: MD14

Office: 052
Check Date: 03/12/12
Print Date: 03/12/12 13:37
Pay Week: 03/11/12

Company: 090
End Date: 03/11/12
Printer: Local

**Transaction Change Log**

No changes made to transaction

Print Date and Time 03/12/12 1:39:41 PM Ex. 2-4

Payroll Print

# EMPLOYEE PAYMENT INFORMATION

**Check Number: 9796875**

Employee: MATT WATSON  SSNum: XXX-XX-[redacted]  Net Pay: 1,381.87
Check Date: 03/19/12  End Date: 03/18/12

| Hours | | Rate | Earnings | | Earnings | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Regular | Overtime | | Regular | Overtime | Basis | Rate | Amount | Description | |
| 40.00 | | 42.33 | 1693.20 | | | | | | 1,693.20 |
| | | | | | | | | | |
| | | | | | | | | Total: | 1,693.20 |

| Deductions this Period | | Year - to - Date Totals | | Paid Time Off Program | |
|---|---|---|---|---|---|
| Gross Pay | 1,693.20 | Gross | 25893.42 | | |
| FWH | 104.27 | FICA | 1436.08 | | |
| FICA | 95.66 | FWT | 2059.34 | LIFE | 808.00 |
| SWH | 94.47 | SDI | 257.97 | | |
| SDI | 16.93 | SWT | 1651.31 | | |
| Total Deductions | 311.33 | | | | |
| Net Pay | 1,381.87 | | | | |

**Transaction Info:**

Check Type: DD not yet sent to bank
Transaction Id: 2229850
Pay Period: 11
Printed By: MD14

Office: 052
Check Date: 03/19/12
Print Date: 03/19/12 16:31
Pay Week: 03/18/12

Company: 090
End Date: 03/18/12
Printer: tp6

**Transaction Change Log**

No changes made to transaction

Ex. 2 - 5

# HARRIS & RUBLE

ATTORNEYS AND COUNSELORS AT LAW

CALIFORNIA OFFICE:

6424 SANTA MONICA BLVD.
LOS ANGELES, CA 90038
TELEPHONE: 323.962.3777
FAX: 323.962.3004
www.harrisandruble.com

ALAN HARRIS
MARCELLA RUBLE*

ABIGAIL TREANOR**
DAVID ZELENSKI**
PRIYA MOHAN**
JONATHAN DAVIS**
LORRAINE AGUILAR**

*ADMITTED IN ILLINOIS ONLY
**ADMITTED IN CALIFORNIA ONLY

ILLINOIS OFFICE:

330 WEST MAIN STREET
BARRINGTON, IL 60010
TELEPHONE: 312.543.0967

RICHARD LENG*
Of Counsel

April 26, 2012

VIA CERTIFIED MAIL

Marty Morgenstern
California Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

Re: Sherman et al. v. CLP Resources, Inc., et al., Los Angeles Superior Court Case No. BC 483549.

Secretary Morgenstern:

Pursuant to the applicable provisions of the California Labor Code Private Attorneys General Act, Jerin Sherman and Matt Watson hereby allege with respect to their employment with CLP Resources, Inc. ("CLP"), that it violated provisions of the California Labor Code. Specifically, Mr. Sherman and Watson allege that CLP violated section 204, 226, 226.7, 510, 512, 1174, 1194, 1198, and the applicable Industrial Welfare Commission Wage Order. The facts and circumstances concerning the alleged violations are outlined in the Complaint, which is enclosed with this correspondence.

Please advise whether you will proceed with an investigation of this matter or whether Mr. Sherman and Mr. Watson may seek civil-penalty recovery for the alleged violations of the California Labor Code and applicable Industrial Welfare Commission Wage Order under the Labor Code Private Attorneys General Act through their private counsel.

Very truly yours,

Alan Harris

Alan Harris

enclosure

cc (with enclosure) via certified mail to registered agent for CLP Resources, Inc., CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017; via certified mail to registered agent for First Solar, Inc., CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017

Exhibit 3



STATE OF CALIFORNIA
Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

May 21, 2012

**CERTIFIED MAIL**

Harris & Ruble
6424 Santa Monica Blvd.
Los Angeles, CA 90038

RE: Employer: CLP Resources, Inc.; et al.c/o CT Corporation System
RE: Employee(s): Jerin Sherman and Matt Watson
RE: LWDA No: 10439

This is to inform you that the Labor and Workforce Development Agency (LWDA) received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked April 27, 2012, and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "...civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code." Labor Code Section 2699(l) specifies "[T]he superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement. Please be certain to reference the above LWDA assigned Case Number in any future correspondence.

Sincerely,

Doug Hoffner
Undersecretary

Cc: CLP Resources, Inc.; et al.c/o CT Corporation System
818 W. 7th Street
Los Angeles, CA 90017

Exhibit 4

Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
atreanor@harrisandruble.com

Attorneys for Plaintiff

Formatted: Font color: Auto

Formatted: Font color: Auto

Formatted: Font color: Auto

Formatted: Font color: Auto

Formatted: Font color: Auto

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| JERIN SHERMAN and MATT WATSON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CLP RESOURCES, INC., FIRST SOLAR, INC., and DOES 1 to 20,<br><br>Defendants. | Case No.<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Failure to Pay Overtime, Cal. Lab. Code §§ 1194 and 1198 and IWC Wage Order 16<br><br>2. Failure to Provide Accurate Itemized Wage Statements, Cal. Lab. Code § 226<br><br>3. Failure to Maintain Accurate Payroll Records, Cal. Lab. Code § 1174 and IWC Wage Order 16<br><br>4. Failure to Provide Rest Breaks, Cal. Lab. Code § 226.7<br><br>5. Failure to Pay Minimum Wage and Overtime Compensation, Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*<br><br>6. Continuing Wages, Cal. Lab. Code § 203<br><br>7. Failure to Reimburse Expenses, Cal. Lab. Code § 2802<br><br>8. Civil Penalties, Cal. Lab. Code § 2698 *et seq.*, Labor Code Private Attorneys General Act<br><br>**DEMAND FOR JURY TRIAL** |

Formatted: Font color: Auto

Formatted: Font color: Auto

Formatted: Font color: Auto

Formatted Table

Formatted: Font color: Auto

Formatted: Font color: Auto

Formatted: List Paragraph, Indent: Left: 0", Line spacing: single, Widow/Orphan control

Formatted: Font color: Auto

EXHIBIT 2



Formatted: Font color: Auto

Plaintiffs Jerin Sherman and Matt Watson, by and through their undersigned attorneys, allege as follows:

Formatted: Font color: Auto

## JURISDICTION AND VENUE

1. This is a civil action seeking overtime, damages, and attorneys' fees and costs. Venue is proper in this judicial district, pursuant to California Code of Civil Procedure sections 395(a) and 395.5. Defendants maintain an office, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process. The unlawful acts alleged herein had a direct effect on and were committed within the County of Los Angeles, State of California.

## PARTIES

2. Plaintiff Jerin Sherman ("Sherman") is an individual who, during the time periods relevant to this Complaint, was employed by Defendants CLP Resources, Inc. and First Solar, Inc. in the County of Los Angeles, State of California.

3. Plaintiff Matt Watson ("Watson") is an individual who, during the time periods relevant to this Complaint, was employed by Defendants CLP Resources, Inc. and First Solar, Inc. in the County of Los Angeles, State of California. (Sherman and Watson shall be collectively referred to as "Plaintiffs.")

4. CLP Resources, Inc. ("CLP") is a skilled trades-staffing company providing skilled trades-people to a broad range of contractors. CLP is incorporated in Delaware and has its headquarters in Reno, Nevada. CLP is authorized to do and does business in the County of Los Angeles, State of California.

5. First Solar, Inc. ("FSI") designs, builds, and operates utility-scale solar power plants. FSI is incorporated in Delaware and has its headquarters in Tempe, Arizona. FSI is authorized to do and does business in the County of Los Angeles, State of California. (CLP and FSI shall collectively be referred to as "Defendants.")

6. The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 to 20 inclusive, are unknown to Plaintiffs at this time,

who therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believes and thereupon alleges that each defendant designated herein as a Doe is responsible, negligently, intentionally, contractually, or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs as is hereinafter alleged, either through said defendants' own wrongful conduct or through the conduct of their agents, servants, employees, representatives, officers or attorneys, or in some other manner.

## GENERAL ALLEGATIONS

7. Defendants have employed Plaintiffs as skilled laborers from 2011 to the present. Plaintiffs are current employees of Defendants. In this capacity, Plaintiffs perform functions related to the construction of a solar power plant in the County of Los Angeles. Plaintiffs' work shifts are from 7:00 a.m. to 3:30 p.m. Monday through Friday every week. Plaintiffs are only paid for their scheduled work shifts, notwithstanding Defendants' requirement that Plaintiffs report for duty before 7:00 a.m. and Plaintiffs do not stop working until after 3:30 p.m.

8. At all times relevant hereto California Labor Code sections 1194 and 1198 and Industrial Welfare Commission ("IWC") Wage Order 16 required the payment of overtime for hours worked over eight in a workday.

Formatted: Font color: Auto

9. At all relevant times mentioned herein, California Labor Code section 1194 provided, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194(a).

10. At all relevant times mentioned herein, section 1198 of the California Labor Code provided:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Cal. Lab. Code § 1198. Section 1198 refers to "conditions of labor prohibited by the order [of the IWC]" and therefore incorporates by reference IWC Wage Order Number 16. To date, Plaintiffs have not been paid for all of the hours they worked for Defendants. By failing to pay Plaintiffs for all of their hours of work, CLP violated section 1198 by employing Plaintiff "under conditions of labor prohibited by the order." Cal. Lab. Code § 1198.

11. IWC Wage Order 16 provides, in relevant part:

> (A) Every employer shall pay to each employee wages of not less than seven dollars and fifty cents ($7.50) per hour for all hours worked, effective January 1, 2007, and not less than eight dollars ($8.00) per hour for all hours worked, effective January 1, 2008.
>
> (B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commissioner, or otherwise.

8 Cal. Code Regs. § 11160(4).

12. At all relevant times mentioned herein, section 204 of the California Labor Code provided, in relevant part:

> All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during

Formatted: Font color: Auto

each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

13. Similarly, at all times relevant hereto, the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. require the payment of at least minimum wage and overtime for hours worked over forty in a workweek. See 29 U.S.C. §§ 206 and 207.

14. Plaintiffs were prevented from taking proper rest breaks as required by law.

15. At all times relevant hereto, section 226.7 of the California Labor Code provided:

(a) No employer shall require any employee to work during any . . . rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a . . . rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7.

16. IWC Wage Order 16 provides, in relevant part:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Nothing in this provision shall prevent an employer from staggering rest periods to avoid interruption in the flow of work and to

Formatted: Font color: Auto

> maintain continuous operations, or from scheduling rest periods to coincide with breaks in the flow of work that occur in the course of the workday. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time for every four (4) hours worked, or major fraction thereof. Rest periods shall take place at employer designated areas, which may include or be limited to the employees' immediate work area.
>
> . . .
>
> (D) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

8 Cal. Code Regs. § 11160(11).

Formatted: Font: Times New Roman, 14 pt, Font color: Auto

Formatted: Font color: Auto

17. CLP violated section 226.7 of the California Labor Code and IWC Wage Order 16 by failing to compensate Plaintiffs for their hours worked on authorized rest periods. Accordingly, Plaintiffs are entitled to an additional hour of pay for each workday Plaintiffs were not properly provided their rest periods. See Cal. Lab. Code § 226.7(b); 8 Cal. Code Regs. § 11160(11).

18. Compensation for missed rest periods constitutes wages within the meaning of section 200 *et seq.* of the California Labor Code.

19. To date, Defendants have failed to compensate Plaintiffs for all of their earned wages in accordance with the California Labor Code, IWC Wage Order 16, and/or the FLSA.

20. At all relevant times mentioned herein, section 226 of the California Labor Code provided:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when

wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an

aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.

21. Throughout the period of Plaintiffs' employment with CLP, CLP failed to provide them with all of the data required by section 226(a) of the California Labor Code. ~~For example, Exhibit 1 consists of a sample of Sherman's wage statements and Exhibit 2 consists of a sample of Watson's wage statements. The~~For example, Defendant's wage statements fail, *inter alia*, to state the name and address of the legal entity that is the employer. Cal. Lab. Code § 226(a)(8). In addition, they fail to inform Plaintiffs with respect to the total hours worked, net and gross wages earned, and all applicable hourly rates.

Formatted: Font color: Auto

Formatted: Font color: Auto

Formatted: Font: Not Italic, Font color: Auto

Formatted: Font: Bold, Not Italic, Font color: Auto

Formatted: Font: Not Italic, Font color: Auto

Formatted: Font color: Auto

Formatted: Font: Bold, Font color: Auto

Formatted: Font color: Auto

Formatted: Font color: Auto

22. At all relevant times mentioned herein, section 1174 of the California Labor Code provided:

> Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

Cal. Lab. Code § 1174(d).

Formatted: Font color: Auto

23. IWC Wage Order 16 provides, in relevant part:

> (A) Every employer who has control over wages, hours, or working conditions shall keep accurate information with respect to each employee, including the following:
>
> (1) The employee's full name, home address, occupation, and social security number. The employee's date of birth, if under 18 years of age, and designation as a minor. Time records showing when the employee begins

and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(2) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(3) Total hours worked during the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request. When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(B) Every employer who has control over wages, hours, or working conditions shall semimonthly or at the time of each payment of wages furnish each employee an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item. (See Labor Code Section 226.) This information shall be furnished either separately or as a detachable part of the check, draft, or voucher paying the employee's wages.

8 Cal. Code Regs. §11160(6)(A)-(B).

Formatted: Font color: Auto

Formatted: Font color: Auto

24. Defendant failed to maintain payroll records required by the California Labor Code and IWC Wage Order 16. For example, Defendant failed to record the "[t]ime records . . . when the employee begins and ends each work period." 8 Cal. Code Regs. §11160(6)(A)(1).

~~////~~

25. Section 2699 of the California Labor Code, the Labor Code Private

Attorneys General Act of 2004, provides in subpart (a) and subparts (f) through (g):

> (a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.
>
> . . . .
>
> (f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.
>
> . . . .
>
> (g) Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

Cal. Lab. Code § 2699.

26. At all times relevant herein, section 226.3 of the California Labor Code provided, in relevant part:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($ 250) per employee per violation in an initial citation and one thousand dollars ($ 1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

Cal. Lab. Code § 226.3.

27. At all times relevant herein, section 210 of the California Labor Code provided, in relevant part:

> (a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:
>
> (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
>
> (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210.

28. At all times relevant herein, section 1197.1 of the California Labor Code provided, in relevant part:

> (a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any

employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows:

(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

Cal. Lab. Code § 1197.1.

29. Wage Order 16 provides for civil penalties with respect to violations of the Wage Order:

(A) Penalties for Violations of the Provisions of this Order. Any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to civil and criminal penalties as provided by law. In addition, violation of any provision of this order shall be subject to a civil penalty as follows: (1) Initial Violation - $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages. (2) Subsequent Violations - $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages. (3) The affected employee shall receive payment of all wages recovered. The labor commissioner may also issue citations pursuant to California Labor Code Section 1197.1 for non-payment of wages for overtime work in violation of this order.

8 Cal. Code Regs. §11160(18)(A).

/////

**FIRST CAUSE OF ACTION**
(Cal. Lab. Code §§ 1194, 1194.2 and 1198 and IWC Wage Order 16, Failure to Pay Overtime)
(On Behalf of Plaintiffs Against CLP)

Formatted: Font color: Auto

~~25.~~30. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

Formatted: Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, ... + Start at: 30 + Alignment: Left + Aligned at: 0.75" + Indent at: 1"

~~26.~~31. Defendant CLP, by failing to pay Plaintiffs for the time they worked before 7:00 a.m. and after 3:30 p.m., has violated sections 1194 and 1198 of the California Labor Code and IWC Wage Order 16.

~~27.~~32. Plaintiffs are, accordingly, entitled to recovery of the unpaid balance of the full amount of their unpaid overtime, including interest thereon, reasonable attorneys' fees and costs of suit, in accordance with section 1194(a) of the California Labor Code.

~~28.~~33. Plaintiffs are also entitled to liquidated damages in accordance with section 1194.2 of the California Labor Code.

**SECOND CAUSE OF ACTION**
(Cal. Lab. Code § 226, Failure to Provide Accurate Information on Wage Statements)
(On Behalf of Plaintiffs Against Defendant CLP)

~~29.~~34. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

Formatted: Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, ... + Start at: 30 + Alignment: Left + Aligned at: 0.75" + Indent at: 1"

~~30.~~35. Defendant CLP employed Plaintiffs but failed to provide them with the data required by section 226(a) of the California Labor Code. For example, Defendant CLP failed to provide the name and address of the legal employer. See Cal. Lab. Code § 226(a)(8). Defendants actions were intentional and caused injury to Plaintiffs insofar as Plaintiffs were deprived of data to which they were legally entitled.

~~31.~~36. Accordingly, Plaintiffs are entitled to damages and costs and attorney's fees, demand for which is hereby made in accord with the provisions of California Labor Code section 226(e).

/////

**THIRD CAUSE OF ACTION**
(Failure to Maintain Accurate Payroll Time Records, Labor Code section 1174, IWC Wage Order No. 16)
(On Behalf of Plaintiffs Against Defendant CLP)

Formatted: Font color: Auto

~~32.~~37. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

Formatted: Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, ... + Start at: 30 + Alignment: Left + Aligned at: 0.75" + Indent at: 1"

~~33.~~38. Defendant CLP has violated California Labor Code section 1174 and IWC Wage Order No. 16 by willfully failing to keep required payroll records showing the actual hours and/or the begin and end time worked each day by Plaintiffs. Indeed, the IWC Wage Order requires that the employer maintain "[t]ime records showing when the employee begins and ends each work period." 8 Cal. Code Regs. § 11160(6)(A)(1). Defendant CLP failed to properly maintain such records.

~~34.~~39. As a direct and proximate result of Defendant CLP's failure to maintain payroll records, Plaintiffs suffered actual economic harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking all accrued pay.

~~35.~~40. Plaintiffs request relief as described below.

Formatted: Font color: Auto

Formatted: Font color: Auto

**FOURTH CAUSE OF ACTION**
(Failure to Provide Proper Rest Periods, California Labor Code section 226.7 and IWC Wage Order 16)
(On Behalf of Plaintiffs Against Defendant CLP)

~~36.~~41. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

Formatted: Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, ... + Start at: 30 + Alignment: Left + Aligned at: 0.75" + Indent at: 1"

~~37.~~42. At all times herein relevant, section 226.7 of the California Labor Code and 8 California Code of Regulations section 11160 provided that employees must receive rest periods of ten minutes for each four hours of work. 8 Cal. Code Regs. 11160(11)(A).

~~38.~~43. Because Defendant CLP failed to properly provide the required rest periods, it is liable to Plaintiffs for one hour of additional pay at the regular rate of

compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code section 226.7 and California Code of Regulations section 11160, for the period of time from the four years prior to the filing of the Complaint to date. Plaintiffs request relief as described below.

**FIFTH CAUSE OF ACTION**
(Failure to Pay Minimum Wage and/or Overtime Compensation, Fair Labor Standards Act, 29 U.S.C. § 216(b))
(On Behalf of Plaintiffs Against Defendants CLP and FSI)

~~39.~~44. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

Formatted: Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, ... + Start at: 30 + Alignment: Left + Aligned at: 0.75" + Indent at: 1"

~~40.~~45. Defendants CLP and FSI intentionally and improperly failed to pay Plaintiff overtime compensation to which they are entitled. The FLSA, 29 U.S.C. § 207 provides, in relevant part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

~~41.~~46. During their employment with Defendants CLP and FSI, Plaintiffs were not paid for all of their time worked.

Formatted: Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, ... + Start at: 30 + Alignment: Left + Aligned at: 0.75" + Indent at: 1"

~~42.~~47. Accordingly, Plaintiffs request payment of overtime compensation according to proof, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

**SIXTH CAUSE OF ACTION**
(Cal. Lab. Code § 203—Continuing Wages)
(On Behalf of Plaintiffs Against Defendant CLP)

48. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

49. Plaintiffs were discharged on or about May 25, 2012, but were not provided all of their wages within the time required by section 201 of the California Labor Code, despite Defendant CLP's knowledge of its obligation to do so. Defendant CLP's actions were "willful" within the meaning of section 203 of the California Labor Code.

50. Plaintiffs are therefore entitled to thirty days of continuing wages pursuant to California Labor Code section 203.

**SEVENTH CAUSE OF ACTION**

(Cal. Lab. Code § 2802— Indemnification and Reimbursement of Expenditures)
(On Behalf of Plaintiffs Against Defendant CLP)

51. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

52. At all relevant times herein, California Labor Code section 2802 provided, in relevant part:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or duties . . . .
>
> (b) All awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.
>
> (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing rights granted by this section.

Cal. Lab. Code § 2802.

53. At all relevant times herein, Wage Order 16 provided, in relevant part:

(A) When the employer requires uniforms to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term "uniform" includes wearing apparel and accessories of distinctive design or color.

(B) When the employer requires the use of tools or equipment or they are necessary for the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage may provide and maintain hand tools and equipment customarily required by the particular trade or craft in conformity with Labor Code Section 2802.

8 Cal. Code Regs. §11160(8).

54. In the discharge of their duties, Defendant CLP required Plaintiffs to wear protective gear for which they provided and maintained personally and were not reimbursed for their out-of-pocket expenses.

55. Pursuant to section 2802 of the California Labor Code, Plaintiffs are entitled to reimbursement of their out-of-pocket expenses from Defendant, interest thereon, attorneys' fees and costs, according to proof.

**EIGHTH CAUSE OF ACTION**

(Cal. Lab. Code § 2698 *et seq.*, Civil Penalties Under the Private Attorneys General Act)
(On Behalf of Plaintiffs Against Defendant CLP)

56. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

57. Pursuant to California Labor Code section 2699.3(a)(1), on or about April 26, 2012, Plaintiffs gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants, through its registered agents for service of process, of the specific provisions of the California Labor Code alleged to have been violated by Defendant CLP , including the facts and theories specified in the original complaint filed on April 26, 2012. A copy of the April 26, 2012, letter and

certified mail receipts are attached hereto as **Exhibit 3.**

58. At all relevant times herein, California Labor Code section 2699.3(a)(2)(A) provided:

> The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

Cal. Lab. Code § 2699.3(a)(2)(A). On May 21, 2012, the LWDA indicated that it does not intend to investigate Plaintiffs' allegations. Attached hereto as **Exhibit 4** is the May 21, 2012, letter from the LWDA. Accordingly, pursuant to section 2699.3(a)(2)(A), Plaintiffs "may commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).

59. Section 210 of the California Labor Code provides for civil penalties for each violation of section 204. Section 226.3 of the California Labor Code provides for civil penalties for each violation of section 226 (a). Section 558 provides for civil penalties for each violation of sections 510 and 512. Section 1197.1 provides for civil penalties for each violation of section 1194. Section 2699(f) of the California Labor Code provides for civil penalties for violations of the California Labor Code, for which a specific civil penalty is not provided and the applicable Industrial Welfare Commission Wage Order. Section 2699(a) provides that civil penalties may be "recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees." Cal. Lab. Code § 2699(a). Section 2699(g) provides that an employee who prevails in a civil action under section 2699 shall be entitled to an award of reasonable attorneys' fees and costs.

60. The State of California and Plaintiffs are, therefore, entitled to civil penalties, attorneys' fees, and costs according to proof.

Formatted: Font color: Auto

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1. That, with respect to the First Cause of Action, this Court enter judgment in favor of Plaintiffs for payment of their unpaid overtime, interest thereon, liquidated damages, reasonable attorneys' fees and costs of suit, according to proof, in accordance with sections 1194(a) and 1194.2 of the California Labor Code, against Defendant CLP.

2. That, with respect to the Second Cause of Action, this Court enter judgment in favor of Plaintiffs for an injunction requiring compliance with the law, damages, reasonable attorney's fees, and costs of suit, each according to proof, in accordance with section 226(e) of the California Labor Code, against Defendant CLP.

3. That, with respect to the Third Cause of Action, Plaintiffs be awarded judgment, damages, interest, and costs, according to proof.

4. That, with respect to the Fourth Cause of Action, Plaintiffs be awarded an additional hour of pay for each workday for which a rest period was not properly taken, reasonable attorneys' fees, and costs of suit, each according to proof, pursuant to California Labor Code section 226.7, against Defendant CLP.

5. That, with respect to the Fifth Cause of Action, Plaintiffs be awarded their unpaid overtime compensation, liquidated damages, and attorneys' fees and costs, according to proof, pursuant to 29 U.S.C. § 216(b), against Defendants CLP and FSI.

~~6~~ 6. That, with respect to the Sixth Cause of Action, Plaintiffs be awarded thirty days continuing wages pursuant to California Labor Code section 203 against Defendant CLP.

7. That, under the Seventh Cause of Action, it be adjudged Plaintiffs be awarded reimbursement of her expenses and interest, and attorneys' fees and costs.

according to proof, pursuant to section 2802 of the California Labor Code against Defendant CLP.

8. That, under the Eighth Cause of Action, it be adjudged that the State of California and Plaintiff be awarded civil penalties, attorneys' fees and costs, in an amount according to proof against Defendant CLP.

9. For such further relief as the Court may order.

Plaintiff demands a trial by jury as to all counts.

Formatted: Font color: Auto

DATED: ~~April 26~~July 2, 2012 HARRIS & RUBLE

Formatted: Font color: Auto

Alan Harris
*Attorney for Plaintiff*

**PROOF OF SERVICE**

I am an attorney for Plaintiffs herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 6424 Santa Monica Boulevard, Los Angeles, California 90038. On July 3, 2012, I served the within document(s): **NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; DECLARATION OF ALAN HARRIS.**

I caused such to be delivered by hand in person to:

N/A

I caused such to be delivered by e-mail or fax to:

N/A

I caused such to be delivered by overnight courier to:

N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

David R. Ongaro
Amelia D. Winchester
Ongaro Burtt Louderback LLP
650 California Street, 5th Floor
San Francisco, CA 94108

I declare under penalty of perjury that the above is true and correct. Executed on July 3, 2012, at Los Angeles, California.

Alan Harris

Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
atreanor@harrisandruble.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

JERIN SHERMAN and MATT WATSON, individually,

Plaintiffs,

v.

CLP RESOURCES, INC., FIRST SOLAR, INC., and DOES 1 to 20,

Defendants.

Case No. BC 483549

**[PROPOSED] ORDER GRANTING PLAINTIFFS LEAVE TO FILE FIRST AMENDED COMPLAINT**

*Assigned to the Honorable Deirdre Hill, Dept. 49*

Date: October 3, 2012
Time: 8:30 a.m.
Place: Dept. 49, 111 N. Hill Street, Los Angeles, California 90012

The Court, having considered the parties' papers and arguments submitted in support of, and in opposition to, Plaintiffs' Motion for Leave to File a First Amended Complaint, hereby GRANTS Plaintiff's Motion for Leave to File a First Amended Complaint.

Plaintiff may file forthwith the First Amended Complaint adding a sixth cause of action pursuant to California Labor Code section 203, a seventh cause of action pursuant to California Labor Code section 2802, and an eighth cause of action pursuant to California Labor Code section 2698 *et seq.*, the Labor Code Private Attorneys General Act.

Defendants shall have thirty days from the date of the filing of the First Amended Complaint a response to the First Amended Complaint.

**IT IS SO ORDERED.**

Dated: ____________________, 2012

____________________________

Los Angeles Superior Court
The Honorable Deirdre Hill

**PROOF OF SERVICE**

I am an attorney for Plaintiffs herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 6424 Santa Monica Boulevard, Los Angeles, California 90038. On July 3, 2012, I served the within document(s): **[PROPOSED] ORDER GRANTING PLAINTIFFS LEAVE TO FILE FIRST AMENDED COMPLAINT.**

I caused such to be delivered by hand in person to:

N/A

I caused such to be delivered by e-mail or fax to:

N/A

I caused such to be delivered by overnight courier to:

N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

David R. Ongaro
Amelia D. Winchester
Ongaro Burtt Louderback LLP
650 California Street, 5th Floor
San Francisco, CA 94108

I declare under penalty of perjury that the above is true and correct. Executed on July 3, 2012, at Los Angeles, California.

Alan Harris

Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
atreanor@harrisandruble.com

Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 10 2012

John A. Clarke, Executive Officer/Clerk
By ______________, Deputy
Gina Grider

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| JERIN SHERMAN and MATT WATSON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CLP RESOURCES, INC., FIRST SOLAR, INC., and DOES 1 to 20,<br><br>Defendants. | Case No. BC 483549<br><br>**NOTICE OF ORDER TO SHOW CAUSE HEARING**<br><br>*Assigned to the Honorable Deirdre Hill, Dept. 49*<br><br>Date: August 20, 2012<br>Time: 8:30 a.m.<br>Place: Dept. 49, 111 N. Hill Street, Los Angeles, California 90012 |

PLEASE TAKE NOTICE THAT the Court has set an "OSC WHY SCAN SHOULD NOT BE IMPOSE FOR FAILURE TO TIMELY: 1) FILE POS; 2) MAKE APP FOR PUB; 3) FILE DEFAULT; 4) FILE CMC STMNT; 5) FILE DFLT JUDG for August 20, 2012, at 8:30 a.m. in Department 49 of the Stanley Mosk Courthouse, which is located at 111 North Hill Street, Los Angeles, California 90012. (See attached Order to Show Cause Hearing.)

DATED: July 9, 2012

HARRIS & RUBLE,

[signature]

Alan Harris
*Attorney for Plaintiff*

NOTICE SENT TO:

Harris, Alan, Esq.
Harris & Ruble
6424 Santa Monica Boulevard
Los Angeles, CA 90038

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles
FILE STAMP

JUL 05 2012

John A. Clarke, Executive Officer/Clerk
FRANK ESTRADA, Deputy

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

JERIN SHERMAN ET AL

Plaintiff(s),

VS.

CLP RESOURCES INC ET AL

Defendant(s).

CASE NUMBER

BC483549

## ORDER TO SHOW CAUSE HEARING

To the party/attorney of record: PLAINTIFF:

You are ordered to appear for an Order to Show Cause Hearing on August 20, 2012 at 8:30 am in Dept. 49 of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**OSC WHY SANC SHOULD NOT BE IMPOSE FOR FAILURE TO TIMELY: 1)FILE POS 2)MAKE APP FOR PUB;3)FILE DEFAULT 4)FILE CMC STMNT;5)FILE DFLT JUDG**

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [ ] Clerk's Office, Room ______ at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[✓] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: July 5, 2012

DEIRDRE HILL
Judicial Officer

CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: July 5, 2012

John A. Clarke, EXECUTIVE OFFICER/CLERK

By______________________, Deputy Clerk
F. ESTRADA

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FILE STAMP JUL 05 2012

John A. Clarke, Executive Officer/Clerk
By FRANK ESTRADA, Deputy

NOTICE SENT TO:

Harris, Alan, Esq.
Harris & Ruble
6424 Santa Monica Boulevard
Los Angeles, CA 90038

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

JERIN SHERMAN ET AL

Plaintiff(s),

VS.

CLP RESOURCES INC ET AL

Defendant(s).

CASE NUMBER

BC483549

## NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for August 20, 2012 at 8:30 am in Dept. 49 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: July 5, 2012

DEIRDRE HILL
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: July 5, 2012

John A. Clarke, Executive Officer/Clerk

by F. ESTRADA, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

**PROOF OF SERVICE**

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 6424 Santa Monica Boulevard, Los Angeles, California 90038. On July 9, 2012, I served the within document(s): **NOTICE OF ORDER TO SHOW CAUSE HEARING.**

I caused such to be delivered by hand in person to:

N/A

I caused such to be delivered by overnight mail to:

N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

David R. Ongaro
Amelia D. Winchester
Ongaro Burtt Louderback LLP
650 California Street, 5th Floor
San Francisco, CA 94108

I declare under penalty of perjury that the above is true and correct. Executed on July 9, 2012, at Los Angeles, California.

Abigail Treanor

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Alan Harris (SBN 146079) Abigail Treanor (SBN 228610)<br>Harris & Ruble<br>6424 Santa Monica Boulevard<br>Los Angeles CA 90038<br>TELEPHONE NO.: 323-962-3777 FAX NO. (Optional): 323-962-3004<br>E-MAIL ADDRESS (Optional): aharris@harrisandruble.com<br>ATTORNEY FOR (Name): Plaintiffs | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS: 111 N. Hill Street<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: Stanley Mosk | |
| PLAINTIFF/PETITIONER: Jerin Sherman<br>DEFENDANT/RESPONDENT: CLP Resources, Inc. | CASE NUMBER: BC 483549<br>JUDICIAL OFFICER: Hon. Deirdre Hill |
| **NOTICE OF RELATED CASE** | DEPT.: 49 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Headley v. CLP Resources, Inc.
   b. Case number: BC 488302
   c. Court: [✓] same as above
      [ ] other state or federal court *(name and address):*
   d. Department: CCW Department 322
   e. Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
   f. Filing date: July 13, 2012
   g. Has this case been designated or determined as "complex?" [✓] Yes [ ] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      [✓] involves the same parties and is based on the same or similar claims.
      [ ] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [ ] involves claims against, title to, possession of, or damages to the same property.
      [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         [ ] Additional explanation is attached in attachment 1h
   i. Status of case:
      [✓] pending
      [ ] dismissed [ ] with [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: [ ] same as above
      [ ] other state or federal court *(name and address):*
   d. Department:

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Page 1 of 3
Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

CM-015

| PLAINTIFF/PETITIONER: Jerin Sherman | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CLP Resources, Inc. | BC 483549 |

2. *(continued)*

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above *(check all that apply)*:

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 2h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

3. a. Title:

b. Case number:

c. Court: ☐ same as above

☐ other state or federal court *(name and address)*:

d. Department:

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above *(check all that apply)*:

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 3h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: ______

Date: 8/3/12

Alan Harris
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| PLAINTIFF/PETITIONER: Jerin Sherman<br>DEFENDANT/RESPONDENT: CLP Resources, Inc. | CASE NUMBER:<br>BC 483549 |
|---|---|

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

***(NOTE: You cannot serve the* Notice of Related Case *if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)***

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*
   6424 Santa Monica Boulevard, Los Angeles, CA 90038

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☑ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):* 8/3/12
   b. from *(city and state):* Los Angeles, CA

4. The envelope was addressed and mailed as follows:
   a. Name of person served: David Ongaro and Amelia Winchester
   Street address: 650 California St. 5th Fl
   City: San Francisco
   State and zip code: CA 94108

   b. Name of person served:
   Street address:
   City:
   State and zip code:

   c. Name of person served:
   Street address:
   City:
   State and zip code:

   d. Name of person served:
   Street address:
   City:
   State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8/3/12

Alan Harris
(TYPE OR PRINT NAME OF DECLARANT)

▶ [signature]
(SIGNATURE OF DECLARANT)

**CM-110**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

Alan Harris (SBN 146079) Abigail Treanor (SBN 228610)
Harris & Ruble
6424 Santa Monica Boulevard, Los Angeles, CA 90038
TELEPHONE NO.: 323-962-3777 FAX NO. *(Optional)*: 323-962-3004
E-MAIL ADDRESS *(Optional)*: harrisa@harrisandruble.com atreanor@harrisandruble.com
ATTORNEY FOR *(Name)*: Plaintiffs

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

PLAINTIFF/PETITIONER: Jerin Sherman
DEFENDANT/RESPONDENT: CLP Resources, Inc.

**CASE MANAGEMENT STATEMENT**

*(Check one):* ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less)

CASE NUMBER: BC 483549

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: August 20, 2012 Time: 8:30 a.m. Dept.: 49 Div.: Room:

Address of court *(if different from the address above)*:

☐ **Notice of Intent to Appear by Telephone, by *(name)*:**

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑ This statement is submitted by party *(name)*: Plaintiffs
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: 4/26/12
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint *(Describe, including causes of action)*:

   1. Failure to pay overtime; 2. Failure to provide accurate wage statements; 3. Failure to maintain accurate payroll records; 4. Failure to provide rest breaks, and 5. Failure to pay minimum wage and overtime (FLSA)

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: Jerin Sherman<br>DEFENDANT/RESPONDENT: CLP Resources, Inc. | CASE NUMBER:<br>BC 483549 |
|---|---|

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Defendants employed Plaintiffs as construction workers and did not pay them for all their time worked, failed to provide rest breaks, and failed to provide accurate pay stubs. Plaintiffs are entitled to their unpaid wages and overtime and rest wages, according to proof, as well as damages under Labor Code section 226(e).

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Plaintiff's counsel has trial scheduled beginning on the following dates: 10/26/12, 11/5/12.

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☑ days *(specify number):* Approximately 5 days

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. E-mail address:

f. Fax number:

g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: Jerin Sherman<br>DEFENDANT/RESPONDENT: CLP Resources, Inc. | CASE NUMBER:<br>BC 483549 |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (*date*):<br>☐ Agreed to complete mediation by (*date*):<br>☐ Mediation completed on (*date*): |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (*date*):<br>☐ Agreed to complete settlement conference by (*date*):<br>☐ Settlement conference completed on (*date*): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (*date*):<br>☐ Agreed to complete neutral evaluation by (*date*):<br>☐ Neutral evaluation completed on (*date*): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (*date*):<br>☐ Agreed to complete judicial arbitration by (*date*):<br>☐ Judicial arbitration completed on (*date*): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (*date*):<br>☐ Agreed to complete private arbitration by (*date*):<br>☐ Private arbitration completed on (*date*): |
| (6) Other (*specify*): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (*date*):<br>☐ Agreed to complete ADR session by (*date*):<br>☐ ADR completed on (*date*): |

| PLAINTIFF/PETITIONER: Jerin Sherman | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CLP Resources, Inc. | BC 483549 |

**11. Insurance**

a. [ ] Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: [ ] Yes [ ] No

c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[ ] Bankruptcy [ ] Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. [✓] There are companion, underlying, or related cases.

(1) Name of case: Headley v. CLP Resoures, Inc.

(2) Name of court: Los Angeles Superior Court, Central Civil West, Dept. 322

(3) Case number: BC 488302

(4) Status: Pending, filed July 13, 2012

[ ] Additional cases are described in Attachment 13a.

b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party):*

**14. Bifurcation**

[ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

[ ] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Plaintiffs have filed a Motion for Leave to File a First Amended Complaint set for October 3, 2012. Plaintiffs intend to file a dispositive motion before trial.

**16. Discovery**

a. [ ] The party or parties have completed all discovery.

b. [✓] The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendants | Written Discovery | TBD |
| Defendants and Third-Party Witnesses | Depositions | TBD |

c. [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: Jerin Sherman<br>DEFENDANT/RESPONDENT: CLP Resources, Inc. | CASE NUMBER:<br>BC 483549 |
|---|---|

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 8/6/12

Alan Harris
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

## PROOF OF SERVICE

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 6424 Santa Monica Boulevard, Los Angeles, California 90038. On August 3, 2012, I served the within document(s): **PLAINTIFFS' CASE MANAGEMENT STATEMENT.**

I caused such to be delivered by hand in person to:

    N/A

I caused such to be delivered by overnight mail to:

    N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

David R. Ongaro
Amelia D. Winchester
Ongaro Burtt Louderback LLP
650 California Street, 5th Floor
San Francisco, CA 94108

I declare under penalty of perjury that the above is true and correct. Executed on August 3, 2012, at Los Angeles, California.

Abigail Treanor



CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| David R. Ongaro, State Bar No. 154698, Amelia Winchester, Bar No. 257928<br>Ongaro Burtt & Louderback LLP<br>650 California Street, Fifth Floor, San Francisco, CA 94108<br>TELEPHONE NO.: (415) 433-3900 FAX NO. *(Optional)*: (415) 433-3950<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: CLP Resources, Inc. and First Solar, Inc. | CONFORMED COPY OF ORIGINAL FILED<br>Los Angeles Superior Court<br>AUG 06 2012<br>John A. Clarke, Executive Officer/Clerk<br>By ____________, Deputy<br>SHAUNYA WESLEY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: Jerin Sherman, et al.<br>DEFENDANT/RESPONDENT: CLP Resources, et al. | |
| **CASE MANAGEMENT STATEMENT**<br>*(Check one)*: ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | CASE NUMBER:<br>BC 483549 |

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: August 20, 2012 Time: 8:30 a.m. Dept.: 49 Div.: Room:

Address of court *(if different from the address above)*:

☑ **Notice of Intent to Appear by Telephone, by *(name)*:** Amelia Winchester

FAXED

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☑ This statement is submitted **jointly** by parties *(names)*: CLP Resources, Inc. and First Solar, Inc.

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint *(Describe, including causes of action)*:

   Complaint for failure to pay overtime, failure to pay accurate itemized wage statements, failure to maintain accurate payroll records, failure to provide rest breaks, failure to pay minimum wage/overtime

| PLAINTIFF/PETITIONER: Jerin Sherman, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CLP Resources, et al. | BC 483549 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

   Plaintiffs allege claims for failure to: pay overtime, provide accurate itemized wage statements, maintain accurate payroll records, provide rest breaks, pay minimum wage/overtime. Defendants maintain that Plaintiffs were paid all overtime hours, were provided with accurate itemized wage statements, provided accurate payroll records, were provided with all rest breaks and paid all minimum wage and overtime hours.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

   The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

   a. ☐ The trial has been set for *(date):*

   b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

   The party or parties estimate that the trial will take *(check one):*

   a. ☑ days *(specify number):* 7

   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

   The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:

   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:

   ☐ Additional representation is described in Attachment 8.

9. **Preference**

   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation** (if available).

    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

| PLAINTIFF/PETITIONER: Jerin Sherman, et al. <br> DEFENDANT/RESPONDENT: CLP Resources, et al. | CASE NUMBER: <br> BC 483549 |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for (*date*): <br> ☐ Agreed to complete mediation by (*date*): <br> ☐ Mediation completed on (*date*): |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for (*date*): <br> ☐ Agreed to complete settlement conference by (*date*): <br> ☐ Settlement conference completed on (*date*): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for (*date*): <br> ☐ Agreed to complete neutral evaluation by (*date*): <br> ☐ Neutral evaluation completed on (*date*): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for (*date*): <br> ☐ Agreed to complete judicial arbitration by (*date*): <br> ☐ Judicial arbitration completed on (*date*): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for (*date*): <br> ☐ Agreed to complete private arbitration by (*date*): <br> ☐ Private arbitration completed on (*date*): |
| (6) Other (*specify*): | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for (*date*): <br> ☐ Agreed to complete ADR session by (*date*): <br> ☐ ADR completed on (*date*): |

CM-110

| PLAINTIFF/PETITIONER: Jerin Sherman, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CLP Resources, et al. | BC 483549 |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify)*:
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
   ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

15. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
   Motions for summary judgment or summary adjudication; motions to compel as necessary.

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendants | Written Discovery | December 2012 |
| Defendants | Depositions | December 2012 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER: Jerin Sherman, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CLP Resources, et al. | BC 483549 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* ________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 3, 2012

Amelia Winchester
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 650 California Street, Fifth Floor, San Francisco, CA 94108. On **August 6, 2012**, I served the foregoing documents described as follows:

**Case Management Statement**

I served these documents on the interested party listed below, using the following means:

[X] (BY UNITED STATES MAIL) I enclosed the documents listed above in a sealed envelope or package addressed to the persons at the address listed below and placed the envelope for collection and mailing on the date shown above, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**Counsel for PLAINTIFF**

Alan Harris
Abigail Treanor
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Ph: 323.962.3777
Fx: 323.962.3004
Email: aharris@harrisandruble.com
Email: atreanor@ harrisandruble.com

[X] (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 6, 2012,** at San Francisco, California.

Nancie R. Ward

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>AUG 17 2012<br>John A. Clarke, Executive Officer/Clerk<br>BY ______, Deputy<br>Shaunya Wesley |
|---|---|
| COURT ADDRESS: 111 N. Hill Street, Los Angeles, CA 90012 | |
| PLAINTIFF: Jerin Sherman | |
| DEFENDANT: CLP Resources, Inc. | |
| CIVIL DEPOSIT | CASE NUMBER: BC 483549 |

CLERK: PREPARE A FORM FOR EACH DEPOSITOR PAYING SEPARATELY

PLEASE REPORT TO THE CLERK'S OFFICE/CASHIER:
☐ Room 102, Central Civil ☐ Clerk's Office , Room______ ☐ Department Number 49

| | Distribution Codes | | Amt Due | | Distribution Codes | | Amt Due |
|---|---|---|---|---|---|---|---|
| ☐ | 251 | DAILY JURY FEES<br>Dates:______<br># of day(s)______ x$______ | | ☐ | 74 | DEPOSIT IN TRUST | |
| ☒ | 72 | JURY FEES<br>Trial Date:______<br>(Initial Deposit) $______ | 150.00 | ☐ | 101 | FIRST PAPERS-GENERAL JURISDICTION | |
| ☐ | 252 | REPORTERS FEES<br>Dates:______<br># of 1/2 day(s)______ x$______<br>Full Day______ | | ☐<br>☐<br>☐ | 101<br>141<br>130 | FIRST PAPERS-LIMITED OVER $10,000<br>With declaration Limited to $10,000 (per B&P 6322.1(a))<br>Limited to $10,000 | |
| ☐ | 721 | SANCTIONS ORDERED ON<br>Date:______ | | ☐ | 211 | RECLASSIFICATION FEE | |
| ☐ | 213<br>200 | MOTIONS/APPLICATION TO CONT. HEARING<br>MOTIONS/APPLICATION TO CONT.TRIAL | | ☐<br>☐ | 150<br>151 | COMPLEX LITIGATION TRIAL/PLAINTIFF<br>COMPLEX LITIGATION TRIAL/DEFENDANT | |
| | | Other: | | | | | |

To be paid via: ☐ Cash ☒ Check ☐ Certified Check/Money Order ☐ Credit Card

☒ On or Before 08/17/12 ☐ Forthwith

Payment will be made by ☐ Plaintiff______ ☒ Defendant CLP Resources, Inc.

JOHN A. CLARKE, Executive Officer/Clerk

DATE ______ BY: ______ Deputy Clerk

**TO BE COMPLETED BY DEPOSITOR** | **CASHIER'S VALIDATION**

Depositor's Name: Ongaro Burtt & Louderback LLP

☐ Plaintiff in Pro Per ☐ Defendant in Pro Per

☐ Counsel for ☐ Plaintiff ______ (Name of Party)

☒ Defendant CLP Resources, Inc. (Name of Party)

Address of depositor: 650 California Street, Fifth Floor (Street)

San Francisco, CA 94108 (City/State/Zip)

**CIVIL DEPOSIT**

Distribution: Original - Case File Copy-Customer

Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
atreanor@harrisandruble.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

JERIN SHERMAN and MATT WATSON, individually,

Plaintiffs,

v.

CLP RESOURCES, INC., FIRST SOLAR, INC., and DOES 1 to 20,

Defendants.

Case No. BC 483549

**NOTICE OF RULING AT CASE MANAGEMENT CONFERENCE AND NOTICE OF ORDER TO SHOW CAUSE HEARING**

*Assigned to the Honorable Deirdre Hill, Dept. 49*

Date: October 22, 2012
Time: 8:30 a.m.
Place: Dept. 49, 111 N. Hill Street, Los Angeles, California 90012

PLEASE TAKE NOTICE THAT on August 20, 2012, in Department 49 of the Stanley Mosk Courthouse before the Honorable Deirdre Hill, the Court held a Case Management ("CMC"). Abigail Treanor of Harris & Ruble appeared on behalf of Plaintiffs. David Ongaro of Ongaro Burtt Louderback LLP appeared on behalf of Defendants. During the CMC, Defendant stipulated to the filing of a First Amended Complaint. Accordingly, the Court ruled that the First Amended Complaint—a copy of which was attached to Plaintiffs' Motion for Leave to File First Amended Complaint, filed July 3, 2012, and set for hearing on October 3, 2012—shall be deemed filed as of August 20, 2012. Plaintiffs shall immediately serve a copy of the First Amended

Complaint on Defendants. Defendants shall have twenty (20) days from the date of service to file an Answer to the First Amended Complaint. The October 3, 2012, motion hearing date is taken off calendar.

PLEASE TAKE FURTHER NOTICE that the Court set a further Order to Show Cause Regarding Status of the Proof of Service of the First Amended Complaint, Status of a Responsive Pleading and/or Request for Default Judgment for October 22, 2012, at 8:30 a.m. in Department 49.

During the CMC, the Court was also advised that a Notice of Related Case regarding *Headley v. CLP Resources, Inc.*, Los Angeles Superior Court BC 488302, was filed August 6, 2012. The Court ordered the parties to meet and confer as to whether the present action and *Headley* should be related and/or consolidated. If the parties agree that the cases should be related and/or consolidated, the parties shall file a joint stipulation in Department 49 before the date set for the further Order to Show Cause hearing.

DATED: August 20, 2012

HARRIS & RUBLE

Alan Harris
Abigail Treanor
*Attorneys for PlaintiffS*

**PROOF OF SERVICE**

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 6424 Santa Monica Boulevard, Los Angeles, California 90038. On August 20, 2012, I served the within document(s): **NOTICE OF RULING AND ORDER TO SHOW CAUSE HEARING.**

I caused such to be delivered by hand in person to:

N/A

I caused such to be delivered by overnight mail to:

N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

David R. Ongaro
Amelia D. Winchester
Ongaro Burtt Louderback LLP
650 California Street, 5th Floor
San Francisco, CA 94108

I declare under penalty of perjury that the above is true and correct. Executed on August 20, 2012, at Los Angeles, California.

[signature]
Abigail Treanor

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

**CV12- 8080 GW (PLAx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Jerin Sherman
Matt Watson

**DEFENDANTS**
CLP Resources, Inc.
First Solar, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Alan Harris and Abigail Treanor
Harris & Ruble
6424 Santa Monica Boulevard, Los Angeles, CA 90038; (323) 962-3777

Attorneys (If Known)
David R. Ongaro and Amelia D. Winchester
Ongaro Burtt & Louderback LLP
650 California Street, Fifth Floor, San Francisco, CA 94108; (415) 433-3900

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. section 1332 (diversity)

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☑ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV12-8080

**FOR OFFICE USE ONLY:** Case Number: ______________________

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, Nevada, Arizona |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 9/19/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |